BARNES, J.,
for the Court:
¶ 1. David Mixon, a prisoner in the custody of the Mississippi Department of Corrections (MDOC), filed a petition to show cause in the Greene County Circuit Court, alleging a violation of due process in the MDOC’s disciplinary proceedings. The circuit court affirmed the MDOC’s denial of relief through its Administrative Remedy Program (ARP). On appeal, we find no error and affirm the judgment.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Mixon is currently in the custody of the MDOC and is incarcerated at the South Mississippi Correctional Institute (SMCI). He was issued a Rules Violation Report (RVR) on March 16, 2010, for his refusal to obey a guard’s order. Mixon continued to beat on his cell door after being directed to stop. His disciplinary hearing was held on March 26, 2010; Captain Nina Enlers was the disciplinary hearing officer. Captain Enlers found Mixon to be guilty of the charge in the RVR, and Mixon received a “restriction of all privileges not to exceed [one] month excluding exercise.”
¶ 3. Mixon contested the RVR through the ARP.[1] His appeal was denied, and Mixon filed a petition to show cause with the circuit court on February 28, 2011. Mixon claimed that prison officials violated his due-process rights by failing to conduct a proper investigation and by failing to provide him with a legible copy of his RVR. On March 22, 2011, the circuit court upheld the MDOC decision. Mixon now appeals, and finding no error, we affirm the circuit court’s judgment.
STANDARD OF REVIEW
¶ 4. We will not disturb an administrative agency’s decision on appeal “unless the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency’s scope or powers or violated the constitutional or statutory rights of the aggrieved party.” Siggers v. Epps, 962 So.2d 78, 80 (¶ 4) (Miss.Ct.App.2007) (citing Edwards v. Booker, 796 So.2d 991, 994 (¶ 10) (Miss.2001)).
DISCUSSION AND ANALYSIS
¶ 5. Mixon argues that he was deprived of his due-process rights by Lieutenant Beryl Hill’s refusal to take his statement and her failure to conduct a reasonable investigation. He also claims that his RVR was illegible and that he was entitled to a legible copy of it prior to his hearing. Mixon cites to Wolff v. McDonnell, 418 U.S. 539, 563-64, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), for the proposition that minimum due process requires an inmate to receive “advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken.” However, Wolff concerned a prisoner’s revocation of parole, and the United States Supreme Court *637 recognized: “We do not suggest, however, that the procedures required by today’s decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges.” Id. at 571 n. 19, 94 S.Ct. 2963. The Supreme Court reiterated in Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), that not all types of administrative disciplinary actions warrant the invocation of a due-process analysis. “[T]o hold ... that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators[.]” Id. at 225, 96 S.Ct. 2532.
¶ 6. As a result of being found guilty of the rules violation, Mixon merely lost privileges for thirty days, which is not a property right that would constitute a violation of his constitutionally protected liberty interest. The Mississippi Supreme Court in Terrell v. State, 573 So.2d 730, 732 (Miss.1990), held that “claims by inmates regarding radio and television privileges ‘do not pertain to federal constitutional rights.’ ” (Quoting Montana v. Comm’rs Court, 659 F.2d 19, 23 (5th Cir.1981) (abrogated on other grounds by Henslee v. Lopez, 20 F.3d 470 (5th Cir.1994))). In Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997), the United States Court of Appeals for the Fifth Circuit held that a prisoner’s temporary loss of privileges were “merely changes in the condition of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.” Id. Thus, Mixon has no liberty interest at stake that could give rise to a legitimate due-process claim.
¶ 7. Notwithstanding, Mixon was made aware of the charge against him when he was issued the RVR, even though the MDOC admits the copy was not very good. The Disciplinary Statement Form submitted by the prison investigator, Lieutenant Hill, stated that Mixon refused to sign a statement, and the form acknowledges that Mixon “would like to have a detailed] investigation.” There is no indication, as Mixon asserts, that Lieutenant Hill “filed a fraudulent statement in [his] name under the pretense that [he] refused to sign.” Mixon was then given a timely disciplinary hearing at which he was given the opportunity to tell his version of events. The hearing officer believed the guard. Accordingly, we find the MDOC’s decision was supported by substantial evidence, was within the agency’s scope or powers, was not arbitrary or capricious, and did not violate Mixon’s constitutional or statutory rights. We affirm the circuit court’s judgment.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. See Miss.Code Ann. §§ 47-5-801 through 47-5-807 (Rev.2011).