ISHEE, J.,
for the Court:
¶ 1. Charles Green brings this appeal based on the loss of certain privileges while incarcerated in the Central Mississippi Correctional Facility (CMCF), in the custody of the Mississippi Department of Corrections (MDOC). Green lost the privileges because of his failed drug tests. After he exhausted all of his administrative remedies, Green appealed the revocation of his privileges to the Rankin County Circuit Court. The circuit court affirmed the decision. Green now appeals arguing (1) the actions of the MDOC were arbitrary and capricious when it refused to timely administer a scientifically appropriate test to determine whether he had used illegal drugs; and (2) his due process rights were violated because he was unable to present evidence of his innocence and never had a full and fair hearing on the charge before either the MDOC or the circuit court. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Charles Green is currently incarcerated in the CMCF, in the custody of the *67 MDOC. On November 22, 2010, Green submitted to a drug test in anticipation of a conjugal visit in the CMCF’s “Family House.” Inmates are required to pass a drug test in order to acquire approval to use the Family House. The test, a “Tox-Cup drug-screen cup,” indicated that Green tested positive for tetrahydrocan-nabinol (THC). A second urinalysis exam also returned a positive result. Based on the failed drug tests, Green was denied use of the Family House. Green alleges that he had been prescribed two drugs, Raniti-dine and Naproxen, which are known to result in false positive drug tests. Accordingly, he requested a blood test to confirm the results of the urinalysis, but his request was denied. Although his request was denied, Green was nonetheless given a blood test during a clinic visit on December 13, 2010. The blood test was negative for all five drug profiles.
¶ 3. As a result of his failed drug tests, Green was issued a Rule Violation Report (RVR). After a hearing held on December 5, 2010, he was found guilty of the rule violation. Green was then reduced to D custody. Green appealed this decision through the Administrative Remedy Program (ARP). The decision was affirmed without a hearing. After exhausting all of his administrative remedies, Green appealed the issuance of the RVR to the Rankin County Circuit Court. The circuit court found “that the actions of the MDOC were supported by substantial evidence, were not arbitrary or capricious, were not beyond the agency’s scope or powers, and did not violate the constitutional or statutory rights of ... Green.” Therefore, the decision of the MDOC was affirmed. Green then filed a motion to alter or amend the judgment, or for reconsideration, which was denied. From this ruling, Green appeals. Green argues that (1) the actions of the MDOC were arbitrary and capricious when it refused to timely administer a scientifically appropriate test to determine whether he had used illegal drugs; and (2) his due process rights were violated because he was unable to present evidence of his innocence and never had a full and fair hearing on the charge before either the MDOC or the circuit court.
DISCUSSION
¶ 4. “In an administrative agency appeal, the standard of review applied by this Court is identical to that of the circuit court.” Siggers v. Epps, 962 So.2d 78, 80 (¶ 4) (Miss.Ct.App.2007) (citing Wilkinson Cnty. Bd. of Supervisors v. Quality Farms, Inc., 767 So.2d 1007, 1010 (¶ 9) (Miss.2000)). We will only disturb the decision of the administrative agency if “the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency’s scope or powers or violated the constitutional or statutory rights of the aggrieved party.” Id. (citing Edwards v. Booker, 796 So.2d 991, 994 (¶ 10) (Miss.2001)).
¶ 5. First, Green argues the decision was arbitrary and capricious because the ToxCup drug tests are unreliable. Green has provided no evidence to support this contention. Two tests were given, and both returned a positive result indicating the presence of THC. This issue is without merit.
¶ 6. Next, Green argues his due-process rights were violated. This Court has found that not all administrative disciplinary actions are subject to a due-process analysis. Mixon v. Enlers, 90 So.3d 635, 637 (¶ 5) (Miss.Ct.App.2012). In Mixon, we held that an inmate’s loss of privileges for thirty days was “not a property right that would constitute a violation of [the inmate’s] constitutionally protected liberty interest.” Id. at (¶ 6). Furthermore, we have held that “[ijnmates have no property *68 or liberty interest when it comes to their housing assignment.” Hamilton v. Ruffin, 875 So.2d 1125, 1126 (¶ 5) (Miss.Ct.App.2004) (citing Carson v. Hargett, 689 So.2d 753, 754-55 (Miss.1996)).
¶ 7. Here, Green lost certain privileges based on the positive results of two drug tests. As noted above, the loss of certain privileges is not subject to a due-process analysis. We know that Green was reduced to D custody; however, neither the record nor the briefs explain exactly what privileges were lost. In his brief, Green only complains of not being allowed to use the Family House. We find that use of the Family House for a conjugal visit is not a constitutionally protected liberty interest. Therefore, this deprivation cannot give rise to a legitimate due-process claim.
¶ 8. Additionally, the MDOC followed the proper protocol for the disciplinary action. An RVR was issued, a hearing was held, and Green was found guilty based on the evidence. He was then afforded the appropriate appellate process. The decision by the MDOC was not arbitrary or capricious. Two ToxCup drug-screen tests were given. The result of both tests were positive for THC. Although Green’s blood test later tested negative for all drugs, this test was not administered until three weeks after the initial tests. Accordingly, the MDOC’s decision was supported by substantial evidence. Green’s arguments are without merit.
¶ 9. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.