CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Johnny Hollingsworth appeals the Tishomingo County Circuit Court’s denial of his motion for post-conviction relief. On appeal, Hollingsworth asserts that: (1) his guilty plea was not entered voluntarily, knowingly, or intelligently; and (2) he was denied effective assistance of counsel. Finding that the circuit court lacked jurisdiction to hear Hollingsworth’s motion for post-conviction relief, we vacate the judgment of the circuit court and Hollings-worth’s petition for lack of jurisdiction.
 

 FACTS
 

 ¶ 2. On July 8, 2007, a Tishomingo County grand jury indicted Hollingsworth for the manufacture of marijuana, less than one kilo but more than thirty grams, under Mississippi Code Annotated section 41-29-139(a)(1)(b)(2) (Rev.2005). On September 2, 2008, he entered a guilty plea to the charge of manufacture of marijuana and received a twenty-year suspended sentence. The circuit judge placed him on probation under the supervision of the Mississippi Department of Corrections (MDOC) for five years, provided that Holl-ingsworth complied with all the conditions listed in his sentencing order, including, but not limited to, not possessing or using
 
 *1255
 
 alcohol or drugs and not violating any laws of this State or the United States.
 

 ¶ 3. On May 15, 2009, the State filed a petition to revoke probation and impose a suspended sentence, alleging that Holl-ingsworth violated his probation after he was arrested in Tishomingo, Mississippi, and charged with DUI, Careless Driving, and Driving While License Suspended. A hearing was held on May 28, 2009, and Hollingsworth admitted that he was indeed arrested on those charges. The circuit court revoked his probation and placed him in the intensive supervision/house arrest program (ISP) for twelve months. The circuit court further ordered that upon successful completion of the program, Hollingsworth be placed on post-release supervision for a period of five years. The order also indicated that if Hollingsworth did not successfully complete the program, he would automatically be placed in whatever facility the MDOC deemed appropriate to serve the twenty-year sentence.
 

 ¶ 4. A rules-violation report prepared by the MDOC indicated that on May 29, 2009, the day after Hollingsworth’s revocation hearing, the Tishomingo County Sheriffs Department received a phone call that Hollingsworth was intoxicated and had crashed his car into his front yard. Deputies arrived on the scene and arrested Hollingsworth. Hollingsworth’s girlfriend informed David Murphy of the MDOC that Hollingsworth had consumed several beers, half a pint of whiskey, and five prescription pain pills. Murphy took Holl-ingsworth to the emergency room for treatment, where he also witnessed Holl-ingsworth talk about his girlfriend in a threatening manner. Murphy returned Hollingsworth to jail after his release from the emergency room. Hollingsworth’s house-arrest status was subsequently revoked, and he was placed him in the eusto-dy of the MDOC, where he began serving the twenty-year suspended sentence.
 

 ¶ 5. On January 31, 2010, Hollingsworth filed a petition to show cause, requesting reinstatement to the intensive supervision program. The circuit court issued an order on February 16, 2010, continuing the matter for ninety days so that Hollings-worth could exhaust his remedies under the Administrative Remedy Program.
 

 ¶ 6. On May 27, 2010, Hollingsworth filed a motion for judicial review requesting that the circuit court “reinstate the five years of supervised probation so that he can go on with his life and not be throwed [sic] away for twenty years.” The circuit court entered an order denying the motion on June 7, 2010, stating that Hollingsworth “was given multiple opportunities to reform his actions however as evidenced by the Violation Report Form, [he] declined to do so.” Hollingsworth now appeals the circuit court’s denial of his motion for judicial review, which we treat as a motion for post-conviction relief.
 

 STANDARD OF REVIEW
 

 ¶ 7. Our standard of review for a denial of the motion for post-conviction relief is well established. We will not reverse the trial court’s judgment unless we find that the court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002) (citing
 
 Kirksey v. State,
 
 728 So.2d 565, 567 (¶ 8) (Miss.1999)). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 8. As a preliminary matter, we must point out that this Court has established that the circuit court lacks jurisdiction to determine whether Hollingsworth
 
 *1256
 
 was improperly removed from ISP. In
 
 Ivory v. State,
 
 999 So.2d 420, 425 (¶ 11) (Miss.Ct.App.2008), this Court stated that “[t]he statutes governing the ISP provide that an offender in the ISP is under the full and complete jurisdiction of the MDOC and is subject to removal from the program by the classification hearing officer.”
 
 See
 
 Miss.Code Ann. § 47-5-1003(3) (Supp.2010). Therefore, “the authority to reclassify an inmate from house arrest and to place her in the general prison population is within the exclusive jurisdiction of the MDOC and outside the authority of the original sentencing judge.”
 
 Ivory,
 
 999 So.2d at 425 (¶ 11) (citing
 
 Lewis v. State,
 
 761 So.2d 922, 923 (¶ 4) (Miss.Ct.App.2000)).
 

 ¶ 9. Additionally, this Court has clarified that a complaint about removal from ISP is not properly brought in a motion for post-conviction relief; instead, “a prisoner may have an adverse reclassification decision reviewed pursuant to the Administrative Remedy Program (ARP) promulgated by the MDOC pursuant to Mississippi Code Annotated section 47-5-801 (Rev. 2004).”
 
 Id.; see also Lewis,
 
 761 So.2d at 923 (¶ 6);
 
 McBride v. State,
 
 914 So.2d 260, 263 n. 1 (Miss.Ct.App.2005). The record reflects that in response to Hollingsworth’s petition to show cause, in which he requested reinstatement to the ISP, the circuit court continued the matter for ninety days to allow Hollingsworth to exhaust his remedies under the ARP, pursuant to Mississippi Code Annotated section 47-5-803(2) (Rev.2004). Although the circuit court’s order for continuance mandated that the circuit court clerk “shall accept no further filing in this cause from this Petitioner until Petitioner files proof of completion of the ARP,” we note that Hollings-worth filed his motion for judicial review on May 27, 2010. However, no ARP rulings appear in the record before us, and nothing in the record reflects whether Hollingsworth’s pursuit of a remedy through the ARP process was ultimately successful. Section 47-5-803(2) plainly states that a prisoner must exhaust his administrative remedies before he can file suit in court. The record fails to contain any document showing that Hollingsworth exhausted his administrative remedies on these claims; thus, the circuit court lacked jurisdiction to consider them.
 
 See Walker v. State,
 
 35 So.3d 555, 558 (¶ 12) (Miss.Ct.App.2010);
 
 Adams v. Epps,
 
 900 So.2d 1210, 1213 (¶ 12) (Miss.Ct.App.2005). Therefore, we vacate the circuit court’s judgment and dismiss Hollingsworth’s petition for lack of jurisdiction.
 

 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS VACATED, AND THIS CASE IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TISHOM-INGO COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE AND MAXWELL, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. RUSSELL, J„ NOT PARTICIPATING.