## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01845-COA

**MICHELLE A. DURR**                                                               **APPELLANT**

**v.**

**CITY OF PICAYUNE, MISSISSIPPI**                                       **APPELLEE**

DATE OF JUDGMENT:                     10/22/2013
TRIAL JUDGE:                                  HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:     PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:          JULIE ANN EPPS
                                                       E. MICHAEL MARKS
ATTORNEYS FOR APPELLEE:             EDWARD C. TAYLOR
                                                       JOHN MICHAEL MCMAHAN
NATURE OF THE CASE:                     CIVIL - PROPERTY DAMAGE
TRIAL COURT DISPOSITION:              SUMMARY JUDGMENT FOR THE CITY
                                                       OF PICAYUNE GRANTED
DISPOSITION:                                  REVERSED AND REMANDED: 06/30/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.     Michelle Durr filed a lawsuit for injunctive relief and for damages suffered when the City of Picayune allegedly improperly rezoned her commercial property to residential. The circuit court granted the City's motion for summary judgment finding Durr failed to exhaust her administrative remedies. Durr appeals the summary-judgment order and asserts the circuit court erred when it failed to grant a default judgment in favor of Durr. We reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

¶2.     In 2008, Durr purchased a building on Gray Avenue in the City of Picayune.  The building, previously used as a furniture store, sat adjacent to Durr's other building, on Canal Street, where Durr operated a hair salon.  Durr intended to renovate the new building and turn it into a sandwich shop.  According to Durr, the former owner of the building and a zoning map both showed the property was zoned as C-2 for commercial use.  Under this assumption, Durr began renovations for her sandwich shop.

¶3.     Durr obtained a commercial-property loan and began renovations.  During this time, several city officials and departments, including the fire marshal, the police department, and the engineering department, all required Durr to comply with certain specifications necessary for a commercial restaurant.  Durr complied with these requirements during the renovation process.

¶4.     On March 29, 2009, Durr filed an application with the City to combine the Gray Avenue and Canal Street properties into one commercial lot.  The City Council denied the request on April 7, 2009, and Durr did not appeal this decision.  Despite this denial, Durr continued work on the Gray Avenue building until 2012, spending approximately $70,000 over four years.

¶5.     On April 3, 2012, the City Council approved a new zoning map.  The new zoning map classified the Gray Avenue property as residential, not commercial.  Coincidentally, Durr placed the Gray Avenue property on the city council agenda for that date, but did not seek any action on the property.  Durr subsequently learned of the new zoning map when her

contractor attempted to apply for building permits after a break in renovations due to lack of funds. To continue work on the building, City officials told her she needed to apply for a zoning change from residential to commercial for the property.

¶6. Rather than attempt to rezone the property, Durr filed a lawsuit under the Mississippi Tort Claims Act (MTCA) in Pearl River County Circuit Court against the City, the mayor, and individual city council members on July 20, 2012. Durr's complaint alleged that she suffered damages due to the City's actions in representing the property as commercial. Durr also argued the City unconstitutionally rezoned the property to residential without notice or a hearing, and she requested an injunction to prevent the rezoning from taking effect.

¶7. On August 16, 2012, Durr served the City, councilmen, and mayor. However, none of the defendants filed a timely responsive pleading. On November 9, 2012, Durr filed: (a) an application to the clerk for an entry of default and a supporting affidavit, (b) a motion for a default judgment and to set damages, and (c) a notice of hearing for the motion for a default judgment. In her motion, Durr cited that the City, councilmen, and mayor failed to file any responsive pleadings within thirty days of receiving proper service of process under Mississippi Rule of Civil Procedure 12(a). Despite Durr's motions, the clerk did not submit an entry of default.

¶8. A hearing on the request for a default judgment was noticed for January 7, 2013. On January 4, 2013, Nathan S. Farmer, attorney for the City at the time, filed combined answers and affirmative defenses for all defendants. At the January 7, 2013 hearing, the circuit court

3

did not consider the motion for a default judgment. Instead, the parties stipulated to an agreed order dismissing all defendants except for the City, and waiving a defect in Durr's MTCA notice letter.

¶9. On January 24, 2013, the circuit judge signed the agreed order that dismissed the individual defendants, and held the tort-claims letter was sufficient in time and language. The court held the letter "is hereby adjudicated to be complete, timely[,] and not premature pursuant to [Mississippi Code Annotated] section 11-46-11 [(Rev. 2012)] . . . ."

¶10. On April 22, 2013, Edward C. Taylor and John M. McMahan of the firm of Daniel, Coker, Horton and Bell, P.A., entered an appearance for the City.

¶11. On June 12, 2013, the City filed a motion for summary judgment. In the motion, the City alleged that Durr failed to exhaust all administrative remedies before filing suit, could not rely on a facially invalid permit, did not comply with the MTCA, and failed to demonstrate facts that the City unconstitutionally changed the zoning of the Gray Avenue property.

¶12. On August 28, 2013, the City served a notice for a hearing on the City's summary-judgment motion setting the hearing for September 27, 2013. Durr filed her response to the motion for summary judgment, including documents and affidavits, on September 4, 2013. Thereafter, the City noticed depositions and noticed for a hearing its motion to continue the trial, also set for September 27, 2013.

¶13. The hearing occurred on October 1, 2013, rather than September 27, 2013. At the

hearing, the court identified the subject of the hearing as the motion for summary judgment filed by the City. Taylor was recognized and allowed to argue the motion for summary judgment. At the conclusion of the argument, the court recognized Marks for a response. Although Marks did not notice the motion for a default judgment for a hearing that day, he proceeded to present facts that were related to the motion for a default judgment rather than the summary-judgment motion.

¶14. On October 22, 2013, the circuit court executed an order that granted the City's motion for summary judgment without prejudice. The order did not specifically address Durr's motion for a default judgment, but in effect denied such a motion. Durr now appeals this judgment.

## ANALYSIS

> I. *Whether the circuit court erred in not entering a default judgment in favor of Durr when the City of Picayune failed to show cause for its untimely responsive pleading.*

¶15. Durr first argues the circuit court erred when it did not enter a default judgment against the City after the City failed to file a responsive pleading within thirty days of service of process or give good cause for the untimely response. The City counters that the clerk failed to submit an entry of default, making the circuit court's implicit refusal of a default judgment proper. The City does not, however, address the issue of its untimely response to the complaint.

¶16. Mississippi Rule of Civil Procedure 55 dictates the requirements for a default

5

judgment. Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk *shall* enter his default." M.R.C.P. 55(a) (emphasis added).

¶17. Rule 55(a) mandates entry by the clerk upon sufficient documentation. If a plaintiff presents an application for entry of default with supporting documentation, the clerk must place an entry of default on the docket. "The Rule does not offer any room for discretion. When a party does not plead or otherwise defend a claim, the clerk is directed to enter a default." *Lexington Ins. Co. v. Buckley*, 925 So. 2d 859, 870 (¶48) (Miss. Ct. App. 2005).

¶18. The record clearly indicates that Durr filed the proper application for an entry of default, with a supporting affidavit showing the City did not file a responsive pleading or otherwise defend against Durr's complaint in any manner, within the time prescribed by the rules. Nonetheless, the clerk did not enter a default on the docket.

¶19. At the January 7, 2013 hearing, Marks and Farmer appeared before the circuit court judge. Marks set the hearing for the purposes of hearing the motion for a default judgment and to set damages. However, Marks did not argue that the entry of default was proper, the circuit clerk erred in not entering the default, or the circuit court should require an entry of default be made by the clerk. Instead, the following occurred:

THE COURT: Did you gentlemen have an announcement?

MR. MARKS: Judge, we just had a stipulation, subject to your approval.

6

THE COURT: I'll be happy to hear it.

MR. MARKS: Counsel opposite just had a chance to file an answer on Friday. He's not going to be the attorney for the case. Watkins and Eager, I believe, in Jackson is.

MR. FARMER: Our insurance carrier, since they are asking for monetary relief in the complaint, Your Honor, usually that goes to the City's insurance carrier. I don't know why the carrier hasn't answered it. I talked to our adjuster, Mr. Jack Holmes. So I've sent – I forwarded a copy of what needs to be – what he has to do to prepare his case. It's forwarded onto that. We have a series of law firms that handle that for the City through our carriers. The thing about it is, Your Honor, in that when I did talk to Mr. Marks, we're going to enter a summary agreement, but I told him I couldn't go into a far-reaching agreement, because I don't want it to prejudice –

THE COURT: Well, let me hear what he thinks the agreement is. Mr. Marks?

MR. MARKS: *The only thing, Judge, was the tort claim letter was six days early and he's agreed to recommend that the six days be waived.* It didn't quite make ninety days. *So that's the only relief I would ask you to grant.*

MR. FARMER: Your Honor, in other words, he filed before the 90 days expired under the Tort Claims Act. And I don't have a problem waiving that for him. The other thing is, I believe we're going to also dismiss the mayor and individual councilmen. They've been sued in their individual capacities. I believe they are going to dismiss them.

THE COURT: Would since you are the moving party, or might as well be, and the one that is being granted relief, which of you would draft an order? I'll be happy to sign whenever you're ready, dismissing the individual and[,] then, also the individual councilmen, but also saying that it's stipulated that the six days requirement is waived. *And then also we, of course, won't have any prejudice for the failure to answer.* We'll just –

MR. MARKS: May I prepare it in my office today, Your Honor, and mail it to him?

THE COURT: Sure. Whenever you want. We're in no hurry.

7

MR. FARMER: That's fine, Your Honor. Thank you, Your Honor.

THE COURT: All right. We appreciate meeting you and thank you.

MR. FARMER: Thank you, Judge.

MR. MARKS: Thank you, Your Honor.

(Emphasis added).

¶20. Rather than argue for a default judgment, Durr's counsel entered a stipulation with the City's attorney to dismiss certain defendants and to adjudicate the sufficiency of the tort-claims notice letter. Both of these actions are contrary to a default judgment and indicate Durr's decision to abandon her motion for a default judgment. There is no doubt that Durr did not ask the court to consider the motion for a default judgment at the January 7 hearing.

¶21. Another hearing, set for September 27, but held on October 1, was noticed this time by the City, to consider the City's motion for summary judgment. Durr's counsel did not notice the motion for a default judgment for a hearing.

¶22. Instead, at the beginning of Marks's argument, he proceeded to address the motion for a default judgment rather than argue against the City's motion for summary judgment. Marks stated:

> So I have brought with me today, Your Honor, in the form of an oral motion, ask [sic] for a setting on a hearing for damages only. And that you not only set a time date [sic], but that you grant this motion ore tenus for [a] hearing on the damages as set forth in our original pleading.

Then, the following was said:

MR. MARKS: Judge, I suppose there's always one more thing. And I thank

8

you for letting us bifurcate this, but I did want to comment until this day, there's not been a motion to set aside the default judgment.

THE COURT: Okay. That's probably because I don't think one has been filed, entered, but nevertheless.

MR. TAYLOR: Your Honor, I wasn't aware of any default judgment.

THE COURT: I don't think there is one. But go ahead . . . .

¶23. A default judgment may not be granted without the entry of a default. M.R.C.P. 55. However, in this appeal, Durr asks this Court to do something that she has not asked the circuit court to do. We can find no point in the record where Durr asked the circuit court to direct the circuit clerk to enter a default against the City. We can also find no point in the record where Durr brought the motion for a default judgment before the circuit court for consideration and a decision. The only possible time was on October 1 when she made an "oral motion."

¶24. Durr claims the circuit court's failure to grant her default judgment constitutes reversible error. We reject this argument because we do not find where she brought this matter to the attention of the circuit court for consideration and a decision. Further, we find that when the motion for a default judgment was properly noticed for a hearing and counsel was before the circuit judge, Durr stipulated to the dismissal of several defendants and the adjudication of the legal sufficiency of the tort-claims demand letter. This was inconsistent with her claim that a default judgment was proper, and we find it to be an abandonment of the motion for a default judgment. Accordingly, we find no merit to this issue.

9

> II. *Whether the circuit court erred in granting summary judgment to the City of Picayune based on Durr's failure to exhaust administrative remedies.*

¶25. Next, Durr argues that the circuit court erred when it granted the City summary judgment on the basis that Durr failed to exhaust all administrative remedies available to her. Durr contends, however, that any administrative remedies would be futile and unfair because the City unconstitutionally rezoned her property. Additionally, Durr argues the suit involves tort damages under the MTCA, not the zoning decision, which no administrative remedy could redress. Alternatively, Durr maintains she presented a genuine issue of material fact for trial, which renders summary judgment improper.

¶26. "We review the grant or denial of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom the motion has been made." *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). This Court will affirm the grant of summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).

¶27. Further, the question of the exhaustion of administrative remedies is a jurisdictional question, which requires a de novo review as well. *Town of Bolton v. Chevron Oil Co.*, 919 So. 2d 1101, 1104 (¶9) (Miss. Ct. App. 2005). "A complainant must exhaust available administrative remedies before resorting to the courts for resolution of his dispute." *State*

10

*v. Beebe*, 687 So. 2d 702, 704 (Miss. 1996). The exception to the general rule is that "when no adequate administrative remedy is available, exhaustion is not required." *Town of Bolton*, 919 So. 2d at 1105 (¶10) (citing *Campbell Sixty-Six Express Inc. v. J&G Express Inc.*, 244 Miss. 427, 440, 141 So. 2d 720, 726 (1962)).

¶28. The City argues Durr failed to properly exercise her administrative remedies as provided in Mississippi Code Annotated section 11-51-75 (Rev. 2012). Section 11-51-75 provides in relevant part:

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions . . . . [T]he [circuit] court shall . . . hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.

¶29. Durr alleges the City improperly rezoned the Gray Avenue property when it adopted a new zoning map that showed the Gray Avenue property as residential. According to Durr, this de facto rezoning occurred without notice or a hearing, which rendered the action illegal under Mississippi Code Annotated section 17-1-17 (Rev. 2012), and resulted in a due-process violation. Section 17-1-17 requires at least fifteen days' public notice prior to a hearing on any zoning change.

¶30. In opposition, the City maintains the adoption of the rezoning map did not actually rezone the Gray Avenue property because the property was always zoned as residential. However, if the city council did not rezone the Gray Avenue property, then Durr cannot seek

11

administrative redress as the City contends. The only zoning decision Durr could have appealed through the administrative process would have been the denial of her request to combine her properties into one commercial lot. Though Durr did not appeal that decision, that decision is not the subject of Durr's lawsuit. Instead, Durr argues the City did rezone the Gray Avenue property, and did so without a proper notice and hearing.

¶31. Potentially, Durr could pursue administrative relief through an application to rezone the property. However, if the City unconstitutionally rezoned the property as Durr contends, any attempt to rezone the property would be unnecessary, as any unconstitutional rezoning is void. Thus, Durr may meet an exception to the requirement of exhausting her administrative remedies.

¶32. "The exhaustion doctrine is not without its exceptions." *Pub. Emps' Ret. Sys. of Miss. (PERS) v. Hawkins*, 781 So. 2d 899, 906 (¶31) (Miss. 2001).

> [F]actors which weigh against applying the doctrine of exhaustion include: the pursuit of the administrative remedy would result in irreparable harm; the agency clearly lacks jurisdiction; the agency's position is clearly illegal; the dispositive question is one of law; exhaustion would be futile; and comparatively, the action can be disposed of with less expense and more efficiently in the judicial arena.

*Id.* (citing *Miss. Dep't of Envtl. Quality v. Weems*, 653 So. 2d 266, 278 (Miss. 1995)).

¶33. This uncertainty underlies the primary question of whether the circuit court properly granted summary judgment. Durr and the City clearly disagree on the zoning status of the Gray Avenue property prior to the adoption of the 2012 map. The parties also contest whether the adoption of the map constituted a rezoning procedure. Based on these

12

significant points of contention, a genuine dispute of material facts exists. Durr and the City both provided evidence to support their respective claims. Thus, the circuit court erred in granting summary judgment for the City.

¶34. Because we find a genuine issue of material fact exists regarding the zoning status of the Gray Avenue property prior to 2012 and the effect of the adoption of the zoning map, we reverse and remand this case for further proceedings.

¶35. **THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING, P.J., ROBERTS, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES AND ISHEE, JJ. MAXWELL, J., NOT PARTICIPATING.**

**CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶36. I respectfully concur in part and dissent in part from the majority's opinion. I agree with the portion of the majority's analysis that finds that Durr abandoned her motion for a default judgment. However, I disagree with the majority's analysis regarding jurisdiction and Durr's standing to appeal, and I disagree with the disposition of the majority because I would affirm the circuit court's grant of summary judgment in this case. The circuit court lacked jurisdiction since Durr failed to comply with the following: (1) the requirements of Mississippi Code Annotated section 11-51-75 (Rev. 2012) for appealing a decision of a governing municipal board; and (2) the administrative zoning procedures required to obtain

13

a decision from the city council.

¶37.    I turn to the record for support for my finding that the circuit court's grant of summary judgment was proper.  The record reflects that Durr failed to comply with the required procedures to obtain a decision for her zoning request, and therefore, she obtained no decision from the city council from which to appeal.  The circuit court thus failed to obtain appellate jurisdiction over this case from the local governing council.  In the absence of a final decision by the city council, Durr's allegations fail to raise a cause of action.  *See* Miss. Code Ann. § 11-51-75.  *See also Newell v. Jones Cnty.*, 731 So. 2d 580, 582 (¶10) (Miss. 1999) (finding that the ten-day appeal period in section 11-51-75 is both mandatory and jurisdictional); *Sanford v. Bd. of Supervisors, Covington Cnty.*, 421 So. 2d 488, 490-91 (Miss. 1982) (finding that, to vest appellate jurisdiction in the circuit court, there must be a final decision of the board from which to appeal).

¶38.    On January 4, 2013, all the Defendants filed combined answers and affirmative defenses.  In their combined answers, the Defendants included as defenses the following: (1) Durr failed to state a claim upon which relief could be granted; (2) the circuit court lacked subject-matter and personal jurisdiction; (3) service of process was insufficient pursuant to Rules 12(b)(4)-(5) of the Mississippi Rules of Civil Procedure; (4) the statute of limitations, res judicata, sovereign immunity, and Mississippi Code Annotated section 11-46-11 (Rev. 2012) barred Durr's claims.

¶39.    Like the Defendants' answer, the summary-judgment motion filed by the City of

Picayune (the City) asserted that it was entitled to summary judgment because Durr "failed to state a cause of action upon which relief may be granted." Specifically, the City argued: (1) Durr failed to first exhaust the administrative remedies available to her; (2) Durr could not "rely on a facially invalid permit (if a permit was ever granted) as she [was] imputed with constructive notice" of the zoning ordinances; (3) Durr failed to sufficiently plead a cause of action for reverse condemnation; (4) the statute of limitations barred any claim Durr might possess pursuant to the MTCA; and (5) Durr failed to sufficiently plead that the rezoning of her property was justified.

¶40. As acknowledged, I agree with the majority that Durr abandoned her motion for a default judgment.[1] Durr filed notice of a hearing with the circuit court, and the hearing on the motion for a default judgment was to be held on January 7, 2013. However, the Defendants filed their combined answers and affirmative defenses on January 4, 2013, and then Durr entered into an agreed order with the Defendants. The transcript of the January 7, 2013 proceedings reflects that the parties appeared before the circuit court judge and presented him with an agreed order. The agreed order dismissed the individual councilmen and stated that the City agreed to waive Durr's premature filing of her case prior to the

---

[1] A review of the transcript reflects that Durr raised no objection at the January 7, 2013 hearing to the Defendants' untimely filing of their combined answers. As discussed by the majority, the record also reflects that Durr failed to raise or argue her motion for default at the January 7, 2013 hearing, and she at no time filed any motion to strike the Defendants' answers or affirmative defenses. I submit that Durr waived any objection to the Defendants' untimely answer. *See McCullough v. McCullough*, 52 So. 3d 373, 379 (¶25) (Miss. Ct. App. 2009) (discussing failure to object and waiver).

expiration of the ninety-day notice period required by the MTCA. The January 7, 2013 transcript also reflects that the circuit court acknowledged at the hearing that no prejudice arose from the Defendants' late answer.[2]

¶41. I disagree, however, with the majority's decision to remand this case to the circuit court since no jurisdiction vested in the circuit court regarding any decision by the city council determining the merits of the municipal-zoning conflict at issue. As our precedent establishes, there must be a final order or final decision by the municipal board deciding the merit of the issues in controversy to vest a circuit court, and this Court, with appellate

---

[2] The circuit court possessed the discretion to allow the Defendants' late answer and possessed the discretion to refuse to enter a default judgment. *See City of Jackson v. Presley*, 942 So. 2d 777, 781 (¶7) (Miss. 2006). In *Presley*, the Mississippi Supreme Court explained that an abuse-of-discretion standard applies to a circuit court's decision to allow a late answer and affirmative defenses, but a de novo standard of review applies to an entry of a default judgment. *Id.* Significantly, the record in the present case reflects that the Defendants' combined answers were filed prior to the entry of any default judgment by the circuit court. Therefore, the answers were sufficient to prevent the entry of a default judgment by the circuit court without first giving the Defendants notice and a hearing. *See Smith v. Everett*, 483 So. 2d 325, 327-28 (Miss. 1986).

An entry of default, when entered on an application, is invalid if entered without giving notice and hearing to a party after that party has made an appearance and indicia of defense or has submitted a denial of the allegations in the complaint. *Id.*; *see also Wheat v. Eakin*, 491 So. 2d 523, 525 (Miss. 1986) ("Once a party has made an indicia of defense or denial of the allegations of the complaint such party is entitled to at least three[-days'] written notice of the application for default judgment."); *Chassaniol v. Bank of Kilmichael*, 626 So. 2d 127, 131 (Miss. 1993) (addressing the affirmative duties of the clerk upon receiving an application for the entry of a default judgment); *Presley*, 942 So. 2d at 792 (¶25) (finding that a four-year delay in filing an answer was sufficient to prevent the entry of a default judgment); M.R.C.P. Rule 55(a)-(b) (discussing default judgments and the entry of default against a party).

jurisdiction.  *See Sanford*, 421 So. 2d at 490-91; Miss. Code Ann. § 11-51-75.

¶42.    In the present case, Durr failed to show that a zoning change occurred with respect to her property, and she failed to show that she complied with the necessary procedures to obtain a decision from the city council for a desired zoning change.  Without a decision by the city council, no jurisdiction vested in the circuit court to review the matter.  *See* Miss. Code Ann. § 11-51-75.  As a result, the circuit court lacked jurisdiction in this case, and the circuit court's decision to grant the City's summary-judgment motion, without prejudice, was proper.

¶43.    Based on the foregoing, I respectfully concur in part and dissent in part from the majority's opinion.

        **BARNES AND ISHEE, JJ., JOIN THIS OPINION.**

17