# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00018-COA

CALVIN LEE ROBINSON                                                    APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                              APPELLEE
CORRECTIONS

| | |
|---|---|
| DATE OF JUDGMENT: | 12/03/2021 |
| TRIAL JUDGE: | HON. GEORGE M. MITCHELL JR. |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CALVIN LEE ROBINSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: TABATHA AMANDA-FAYE BAUM |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 04/04/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Calvin Lee Robinson appeals from the Carroll County Circuit Court's order

dismissing his petition for judicial review filed after the Mississippi Department of

Corrections (MDOC) denied his request to participate in the Meritorious Earned Time (MET)

Incentive Program, Miss. Code Ann. § 47-5-142 (Rev. 2015). The circuit court dismissed

Robinson's petition for judicial review for lack of jurisdiction because (1) Robinson did not

notify the MDOC of his appeal to the circuit court pursuant to Uniform Civil Rule of Circuit

and County Court (UCRCCC) 5.04, and thus the circuit court lacked personal jurisdiction

over the MDOC; and (2) Robinson failed to provide any proof that he exhausted his

administrative remedies prior to seeking judicial review. Finding no error, we affirm the circuit court's order on both grounds.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     Robinson pleaded guilty to the crime of statutory rape and was sentenced to thirty years, with twenty years to serve, in the custody of the MDOC. Inmates may receive credit toward their sentence through the MET Incentive Program if they are eligible, subject to the terms and conditions of the program. *See* Miss. Code Ann. § 47-5-142. When the MDOC denied Robinson participation in the MET program, he filed a petition for "Judicial Review Pursuant to Miss. Code 47-5-801 [to] 47-5 807[1] (Pro Se)" in the Leflore County Circuit Court challenging that decision.

¶3.     The Leflore County Circuit Court transferred the case to the Carroll County Circuit Court, Second Judicial District, because Robinson was housed at the Carroll/Montgomery County Regional Correctional Facility in Vaiden, Mississippi. The transfer order was entered on August 20, 2020. Included in the Leflore County Circuit Court's transfer order was that court's observation that Robinson "failed to attach proof [to his petition for judicial review] that he attempted to resolve this matter through the Administrative Remedy Program [(ARP)]."

¶4.     After receiving the certificate of transfer and all pleadings from the Leflore County

---

[1] Mississippi Code Annotated sections 47-5-801 to 47-5-807 (Rev. 2015), and accompanying guidelines, delineate the MDOC's administrative review procedures.

Circuit Court, the Carroll County Circuit Court (circuit court) ordered the MDOC to respond to Robinson's petition for judicial review. This order was entered on October 8, 2020. In that same order, the circuit court directed the Carroll County Circuit Court Clerk to send a copy of the court's order to "Honorable Darrell Vaughn, Counsel for the MDOC." There is no indication on the Carroll County Circuit Court's docket that the order was sent to counsel for the MDOC, nor does the record contain a response from the MDOC to Robinson's petition or any indication that MDOC made an appearance in the matter.

¶5. On December 3, 2021, the circuit court dismissed Robinson's petition for judicial review for lack of jurisdiction, determining that (1) it lacked personal jurisdiction over the MDOC, and (2) Robinson failed to provide any proof that he exhausted his administrative remedies prior to seeking judicial review.

¶6. Regarding personal jurisdiction, the circuit court held that "[b]efore this Court can attach any jurisdiction or have any authority to render a decision," the court "first must have [the defendant MDOC] before it by process or notice." The circuit court found that the MDOC "was not made a party to the litigation in this matter," and thus the court "is without authority to proceed since there is no legal authority to render a decision without all parties being in [c]ourt."

¶7. With respect to the exhaustion of administrative remedies, the circuit court found that "there was no information or proof supplied referencing the fact that the [MDOC] had any chance to address any of the grievances as alleged in the judicial request by . . . Robinson."

Specifically, the circuit court found nothing in the record that Robinson used "the administrative procedures available to inmates housed through the [MDOC]. There was no proof presented or any type of documentation presented that shows that the [MDOC] . . . violated [Robinson's] . . . rights . . . . An inmate must exhaust all administrative remedies before coming into Court."

¶8. Robinson appealed.

## STANDARD OF REVIEW

¶9. "[T]he question of the exhaustion of administrative remedies is a jurisdictional question," *Durr v. City of Picayune*, 185 So. 3d 1042, 1048 (¶27) (Miss. Ct. App. 2015), as is the personal jurisdiction issue in this case. "Jurisdictional matters are a question of law[,] and the standard of review is de novo." *Clark v. Middlebrooks*, 328 So. 3d 1272, 1273 (¶2) (Miss. Ct. App. 2021).

## DISCUSSION

¶10. On appeal, Robinson does not address the jurisdictional bases for the circuit court's dismissal of his petition for judicial review. Rather, Robinson asserts that the MDOC "abused its discretionary authority and powers" when it determined that he was ineligible for MET because he had been convicted of a sex crime (statutory rape). The circuit court, however, did not address the merits of Robinson's claim in its order dismissing Robinson's petition for judicial review. Rather, the circuit court dismissed Robinson's petition because the court found it did not have personal jurisdiction over the MDOC, and the court lacked

4

jurisdiction over the matter because Robinson failed to submit proof that he exhausted his administrative remedies before seeking judicial review. We affirm the circuit court's order dismissing Robinson's petition for lack of jurisdiction on both grounds.

## I. Personal Jurisdiction

¶11. A petition for judicial review filed pursuant to section 47-5-807, as in this case, must comply with UCRCCC 5.04 for the circuit court to have personal jurisdiction over MDOC. *See Smith v. State*, 293 So. 3d 238, 241-43 (¶¶17-22) (Miss. 2020); *Clark*, 328 So. 3d at 1273-74 (¶¶4-7); *Hesler v. Alcorn Cnty. Corr. Facility*, 315 So. 3d 1040, 1041 (¶6) (Miss. 2021). We find that dismissal for lack of jurisdiction was proper because Robinson failed to provide the MDOC with notice of his petition for judicial review pursuant to UCRCCC 5.04. For this reason, the circuit court lacked personal jurisdiction over the MDOC.

¶12. Rule 5.04 provides that a "party desiring to appeal a decision from a lower court must file a written notice of appeal with the circuit court clerk," and "[a] copy of that notice must be provided to all parties or their attorneys of record and the lower court or lower authority whose order or judgment is being appealed." UCRCCC 5.04. In *Smith*, the Mississippi Supreme Court found that because an inmate "failed to provide the MDOC with notice of his petition for judicial review [of its decision], the circuit court lacked personal jurisdiction over the MDOC." *Smith*, 293 So. 3d at 242-43 (¶22).

¶13. The same conclusion reached in *Smith* was reached by this Court in *Clark*, where the certificate of service attached to the inmate's petition for judicial review included only the

circuit clerk and the district attorney, and "neither MDOC nor the attorney general had notice of [the inmate's] intent to seek judicial review of MDOC's decision . . . ." *Clark*, 328 So. 3d at1273-74 (¶4). The Court found, "Clark did not notice MDOC or any of its facilities. This is not a criminal case, and MDOC is not represented by the district attorney. Clark noticed only the circuit clerk and the district attorney, and pursuant to *Smith*, that is insufficient." *Id.* at 1274 (¶5). On these facts, the Court affirmed the dismissal of the inmate's petition for lack of jurisdiction. *Id.* at (¶7).

¶14. We acknowledge that in *Hesler* the supreme court held that "a good-faith effort" to provide notice to the MDOC was sufficient for a pro se petitioner where the inmate sent his petition for judicial review to the Alcorn County Correctional Facility. *Hesler*, 315 So. 3d at 1042 (¶13). But we do not find such circumstances here.

¶15. Rather, as in *Clark*, the record reflects that the certificate of service attached to Robinson's petition for judicial review lists only the district attorney and the Leflore County Circuit Court Clerk. This is not sufficient to confer to the court personal jurisdiction over the MDOC. We recognize that after receiving this matter from the Leflore County Circuit Court, the Carroll County Circuit Court ordered the MDOC to file a response to Robinson's petition. That order also provided that the circuit clerk "shall send a copy of this Order and a copy of said Petition to Honorable Darrell Vaughn[,] Counsel for MDOC." But there is no notation or indication on the Carroll County Circuit Court docket that the order was sent to the MDOC. Further, there is no indication in the record that the MDOC filed a response to

Robinson's petition or made an appearance in the matter. Under these circumstances, the circuit court correctly dismissed Robinson's petition for judicial review for lack of personal jurisdiction over the MDOC.

## II.    Exhaustion of Administrative Remedies

¶16.    Additionally, the circuit court correctly dismissed Robinson's petition for judicial review for lack of jurisdiction over the matter because Robinson submitted no proof to the circuit court that he exhausted his administrative remedies before the MDOC before seeking judicial review.

¶17.    Section 47-5-803(2) provides that "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure." *Accord Siggers v. Epps*, 962 So. 2d 78, 80 (¶6) (Miss. Ct. App. 2007) (recognizing that an inmate must exhaust available administrative remedies before appealing an adverse decision to state court). In this regard, "[p]ro se parties should be held to the same rules of procedure and substantive law as represented parties." *Young v. Benson*, 828 So. 2d 821, 824 (¶13) (Miss. Ct. App. 2002) (quoting *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 118 (Miss. 1987)). In short, pursuant to section 47-5-803(2), Robinson must exhaust his administrative remedies and demonstrate to the "state court" that he did so before that court can "entertain . . . [his] grievance or complaint." Miss. Code Ann. § 47-5-803(2).

¶18.    Additionally, in this case, the Leflore County Circuit Court's transfer order to the

Carroll County Circuit Court provided clear notice to Robinson that he must attach proof to his petition that he exhausted his administrative remedies. In its transfer order, the Leflore County Circuit Court specifically noted that "Robinson failed to attach proof that he attempted to resolve this matter through the Administrative Remedy Program." That order was entered on August 20, 2020. The Carroll County Circuit Court entered its order of dismissal on December 3, 2021. Thus, Robinson was on notice for over a year that such proof was a necessary part of his petition for judicial review. The record contains no such evidence submitted to either circuit court that Robinson exhausted his administrative remedies.

¶19. We recognize that Robinson attached to his appellant's brief a "Statement of Facts" page that references a completed "First Step Response Form" and "Second Step Response Form" (relating to the MDOC administrative process) as exhibits B and C, respectively. These forms are also attached to Robinson's appellant's brief, as well as two forms indicating that the first and second steps of the administrative process had been completed (completion forms). But there is no indication that these documents were filed or made a part of the record. Indeed, a careful comparison of these attachments to the actual record shows that the "Statement of Facts" page that references exhibits B and C is not part of the filed petition that is in the record, nor are exhibits B and C or the completion forms. Robinson offers no explanation for this discrepancy. In short, there is no proof that these materials were filed or before either the Leflore County Circuit Court or Carroll County Circuit Court, and these

materials are not in the record. For these reasons, we will abide by the long-standing principle that the Court "cannot consider that which is not in the record." *Hampton v. State*, 148 So. 3d 992, 995 (¶7) (Miss. 2014) (quoting *Stone v. State*, 94 So. 3d 1078, 1082 (¶11) (Miss. 2012)); *see Shumake v. Shumake*, 147 So. 3d 352, 355 n.1 (Miss. 2014) (declining to consider an order attached to appellant's brief, stating that "[b]ecause this Court will not consider information outside of the record, the contents of this order will not be considered in today's appeal").

¶20.    Because the record contains no evidence that Robinson exhausted his administrative remedies, we find that the circuit court lacked jurisdiction to consider his petition for this additional reason. In *Hollingsworth v. State*, 66 So. 3d 1254 (Miss. Ct. App. 2011), we held, "Section 47-5-803(2) plainly states that a prisoner must exhaust his administrative remedies before he can file suit in court. The record fails to contain any document showing that Hollingsworth exhausted his administrative remedies on these claims; thus, the circuit court lacked jurisdiction to consider them." *Hollingsworth*, 66 So. 3d at 1256 (¶9); *see also Walker v. State*, 35 So. 3d 555, 558 (¶12) (Miss. Ct. App. 2010); *Adams v. Epps*, 900 So. 2d 1210, 1213 (¶12) (Miss. Ct. App. 2005). We find that the same rule applies here. Accordingly, we affirm the circuit court's order dismissing Robinson's petition for judicial review on this additional basis.

¶21.    For the foregoing reasons, we affirm the circuit court's order dismissing Robinson's petition for judicial review for lack of jurisdiction based upon the circuit court's lack of

personal jurisdiction over the MDOC and the lack of any evidence in the record that Robinson exhausted his administrative remedies prior to seeking judicial review of his MET claim.

¶22.   **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**