846 So.2d 279 (2003)
Steven STANLEY, Appellant,
v.
David TURNER, Appellee.
No. 2001-CP-00060-COA.
Court of Appeals of Mississippi.
January 21, 2003.
Certiorari Denied May 15, 2003.
*280 Steven Stanley, Pro se, attorney for appellant.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
EN BANC.

ON MOTION FOR REHEARING
McMILLIN, C.J., for the Court.
¶ 1. The motion for rehearing is denied. The original opinion is withdrawn and the following is substituted.
¶ 2. Steven Stanley has appealed from a judgment of the Circuit Court of Greene County denying him any relief in a proceeding commenced by him as a Petition for Writ of Habeas Corpus, complaining that he was being improperly held in confinement since his sentence for an armed robbery conviction obtained in Pearl River County had run out. The trial court denied relief, holding that the court lacked jurisdiction. Stanley has appealed from that ruling.

I.

Relevant Facts
¶ 3. Stanley's original petition alleged only that, after his arrest in Mississippi, he had been extradited to Alabama where he served a number of years in confinement for crimes committed in that state. Stanley asserted his entitlement to credit for those years served in Alabama against his Mississippi sentence since that period of incarceration occurred after his arrest on the charges arising in Pearl River County.
¶ 4. In an amended petition, Stanley further alleged that he had been wrongfully removed from trusty status by Mississippi Department of Correction officials, resulting in a loss of 138 days of earned good time. Stanley, in his amended petition, *281 does not reassert his claim for credit for time served in Alabama. Nor does he contend that, with credit for the improperly lost days of earned good time, he was eligible for release from confinement. Rather, he merely asks for an order of the circuit court "restoring petitioner's trust status and good time credits."

II.

Jurisdictional Issues
¶ 5. Though Stanley styles both his original and amended pleadings as petitions for writ of habeas corpus, it appears to the satisfaction of this Court that both pleadings raise issues cognizable under other statutory provisions regulating Stanley's detention.
¶ 6. Although Stanley failed to renew his original claim of entitlement to immediate release in his amended petition, he did not affirmatively abandon that claim. In view of the fact that he is proceeding pro se, we elect to treat the two pleadings as being merely alternative claims of entitlement to relief. Myers v. State, 583 So.2d 174, 176 (Miss.1991).

A.

Original Petition
¶ 7. Since the passage of Mississippi's Uniform Post-Conviction Collateral Relief Act, a claim that a prisoner is being wrongfully held after his term of confinement has expired is one that must be brought under the provisions of that Act. Miss.Code Ann. § 99-39-5(1)(g) (Rev. 2000). Jurisdiction for such a proceeding lies in the circuit court where the conviction was obtained and not in the county where the movant may be incarcerated. Miss.Code Ann. § 99-39-7 (Rev.2000); Maston v. State, 768 So.2d 354(¶ 5) (Miss. Ct.App.2000). Therefore, as to Stanley's claim as filed in his original petition, the Circuit Court of Greene County was correct in dismissing for lack of jurisdiction since the Circuit Court of Pearl River County had exclusive jurisdiction to consider such a claim.

B.

Amended Petition
¶ 8. A habeas corpus proceeding is appropriate as an original proceeding only to protect a constitutionally-recognized liberty interest asserted by the petitioner. In this case, Stanley does not contend that, by having added back the days of earned good time he alleges to have been wrongfully withdrawn, he would be entitled to immediate release. The alleged misclassification of a prisoner while in the custody of the Mississippi Department of Corrections does not, of itself, involve a cognizable liberty interest that could be asserted by way of habeas corpus. Carson v. Hargett, 689 So.2d 753, 754 (Miss.1996).
¶ 9. The State, in its brief to this Court, asserted that the true nature of Stanley's claim in his amended petition is for judicial review of a final decision of an administrative proceeding brought under the Administrative Remedies Program. Miss.Code Ann. § 47-5-807 (Rev.2000). Further, the State contended, Stanley failed to affirmatively demonstrate that he initiated such a proceeding and pursued it to its administrative conclusion as the necessary prerequisite to judicial review. Miss.Code Ann. § 47-5-803(2) (Rev.2000). This Court originally dealt with Stanley's claim regarding his trusty status on that basis, stating that "[t]here is nothing in the record to show that Stanley took advantage of this corrective measure [an A.R.P. administrative proceeding], a step that he should have taken."
*282 ¶ 10. On rehearing, for the first time, Stanley affirmatively asserts that he did, in fact, pursue an administrative grievance prior to filing his habeas corpus proceeding. As evidence thereof, he attaches to his motion a photocopy of a certificate issued by the Administrator of the Administrative Remedy Program certifying Stanley's (apparently unsuccessful) completion of the program and certifying his eligibility "to seek judicial review within 30 days of receipt of the Third Step Response." That same document contains a signed statement by which Stanley acknowledged receipt of his Third Step Response on May 18, 2000. Thus, Stanley contends, he has demonstrated satisfactorily the necessary prerequisite to obtaining judicial review of his (mis)classification and thereby revealed the error of the circuit court and this Court in dismissing his petition on jurisdictional grounds.
¶ 11. In deference to Stanley's status as a pro se litigant, we elect to disregard for the moment the procedural difficulties of the method and timing of the production of relevant evidence and accept as true these late-arriving assertions by Stanley. Having done so, however, we note that, by his own assertions, Stanley's right to judicial appeal under the Administrative Remedy Program began to run on May 18, 2000, and that the statutory right of appeal must be asserted "within thirty (30) days after receipt of the agency's final decision...." Miss.Code Ann. § 47-5-807 (Rev.2000). The record shows that Stanley's original petition was not filed until September 19, 2000, well past the allowable thirty day period. Filing within the statutorily-mandated time is jurisdictional. Edmond v. Anderson, 820 So.2d 1(¶ 8) (Miss.Ct.App.2002).
¶ 12. It is well-established that this Court will affirm the action of the trial court when the right result is reached, even if for an incorrect reason. Carter v. State, 167 Miss. 331, 342, 145 So. 739, 741 (1933); Booker v. State, 745 So.2d 850 (¶ 18) (Miss.Ct.App.1998). Assuming, for the sake of argument only, that the trial court had some sort of duty to affirmatively inquire as to Stanley's compliance with the Administrative Remedy Program before dismissing his petition in this case, it is evident that an alternative, but equally valid, reason to dismiss on jurisdictional grounds would have been established by Stanley's own uncontradicted evidence. We, therefore, find no error in the trial court's decision to dismiss Stanley's petition and amended petition.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO GREENE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.