936 So.2d 941 (2005)
Christopher Cornielus MOORE a/k/a Christopher A. Moore a/k/a Christopher Alexander Moore, Appellant
v.
MISSISSIPPI DEPARTMENT OF CORRECTIONS, Appellee.
No. 2004-CP-01706-COA.
Court of Appeals of Mississippi.
November 29, 2005.
Rehearing Denied June 6, 2006.
*942 Christopher Cornielus Moore, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Christopher C. Moore filed a "Petition for Writ of Habeas Corpus" in the Circuit Court of Rankin County, Mississippi. On July 23, 2004, the circuit court entered an order dismissing the petition. The court considered the pleading as a petition for post-conviction relief and found that the court did not have jurisdiction to consider the petition since the sentence had been imposed in another district and the petitioner was housed in a Mississippi Department of Corrections facility outside the jurisdiction of the court. The court ordered the forfeiture of earned time pursuant to Mississippi Code Annotated section 47-5-138 (Rev.2002).
*943 ¶ 2. Moore filed a notice of appeal and raises these issues: (1) whether the trial court erred in rejecting his habeas petition for lack of jurisdiction; (2) whether Moore's habeas petition should be treated as a post-conviction petition; and (3) whether Moore's earned time should be forfeited because of the failure of the trial court to judge the petitioner's habeas corpus on its face.
¶ 3. The Court finds no merit to Moore's arguments and affirms the circuit court finding.

FACTS
¶ 4. Christopher C. Moore pleaded guilty in the Circuit Court of Lee County, Mississippi, on or about November 4, 1998, to the crime of possession of cocaine with intent to distribute. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) and placed in the Intensive Supervision Program (ISP), commonly known as "house arrest," for one year.
¶ 5. Under the sentencing order, if Moore successfully completed the program, the remainder of his sentence was to be suspended and he was to be placed on supervised probation. If he failed to successfully complete the program, he was to be placed in the general prison population to complete the full sentence.
¶ 6. Moore also pled guilty to possession of cocaine and was sentenced to a concurrent three-year sentence and placed under "house arrest" for one year. The conditions for suspension of his sentence were the same as with the other sentence.
¶ 7. On December 7, 1998, Moore was given a Rules Violation Report. In a statement to the Verona, Mississippi, police department, Moore had admitted to the crime of sexual battery. An ISP revocation hearing was held on or about December 22, 1998, and, based on the evidence presented, Moore's ISP was revoked, and he was returned to the general prison population to serve the twenty-year sentence.
¶ 8. Moore filed his first motion for post-conviction relief on September 19, 2000, arguing that his ISP had been revoked without a probation hearing, thus denying him due process of law. The circuit court denied relief on February 5, 2001.
¶ 9. On April 12, 2003, Moore filed a second motion for post-conviction relief, in which he claimed that his guilty plea was involuntary and that he was afforded ineffective assistance of counsel. This second motion was dismissed as a successive writ. Moore filed a notice of appeal, and this Court affirmed the judgment of the Circuit Court of Lee County. Moore v. State, 897 So.2d 997 (Miss.Ct.App.2004).
¶ 10. More than five years after he was removed from ISP and placed in the general prison population, Moore filed a grievance with the MDOC's Administrative Remedy Program (ARP), claiming that he was unlawfully incarcerated. His claim was found to be without merit, and he was given a Certificate of Completion. Moore signed a receipt on March 30, 2004, stating that he had received the certificate. The certificate stated that Moore has "fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Third Step Response."
¶ 11. It was approximately three and a half months later, on July 22, 2004, that Moore filed his "Petition for Writ of Habeas Corpus" in the Circuit Court of Rankin County. Moore claimed that his ISP had been revoked based on a false police report and a coerced confession. Moore stated that the sexual battery charges had been dropped and he attached a letter from the Verona Chief of Police stating *944 that Moore was never indicted on the sexual battery charge.
¶ 12. In the order dismissing the pleading, Circuit Court Judge Samac Richardson found the following: (1) that Moore was housed in the East Mississippi Correctional Facility in Meridian, Mississippi; (2) that the court should treat the pleading as a petition for post-conviction relief; (3) that the court did not have the jurisdiction to hear and consider a petition for post-conviction relief since the sentence was imposed in another circuit court district; (4) that if the court considered the pleading as a petition for writ of habeas corpus, the court would not have jurisdiction of all the parties, since Moore was housed in a MDOC facility outside the jurisdiction of the court; and (5) that the pleading was without merit and frivolous, and therefore Moore should forfeit the appropriate earned time under Mississippi Code Annotated section 47-5-138.

DISCUSSION

Whether the trial court erred in rejecting Moore's habeas petition for lack of jurisdiction
¶ 13. The Circuit Court of Rankin County found that since Moore was housed in the correctional facility in Lauderdale County it lacked jurisdiction over the habeas petition. Moore's argument is that since the classification committee that revoked his ISP is located in Rankin County, the appeal can properly be brought in that county.
¶ 14. Under Mississippi Code Annotated section 47-5-807 (Rev.2000), Moore had thirty days to seek judicial review of the MDOC's decision under ARP. Moore acknowledged receipt of the decision on March 30, 2004, and his petition was not filed under July 22, 2004, well beyond the thirty-day period. "Filing within the statutorily-mandated time is jurisdictional." Stanley v. Turner, 846 So.2d 279, 282(¶ 11) (Miss.Ct.App.2003) (citing Edmond v. Anderson, 820 So.2d 1, 3(¶8) (Miss.Ct.App.2002)). Moore claims to have filed one or more motions for extension of time, but there is no indication that these motions were ever ruled on and they are not part of the record. The Court, therefore, must conclude that the petition was not timely filed, and that the circuit court did not have jurisdiction.
¶ 15. Although Moore titled his motion a petition for habeas corpus relief, this does not change the nature of the relief sought or the remedy. "A habeas corpus proceeding is appropriate as an original proceeding only to protest a constitutionally-recognized liberty interest, asserted by the petitioner." Stanley, 846 So.2d at 281 (¶8). See Miss.Code Ann. § 11-43-1 (Rev.2002). The interests of a person in the ISP do not rise to the level of "constitutionally-cognized liberty interests." Moore v. State, 830 So.2d 1274, 1276(¶11) (Miss.Ct.App.2002); Lewis v. State, 761 So.2d 922, 923(¶3) (Miss.Ct.App. 2000). Also, under Mississippi Code Annotated section 11-43-9 (Rev.2002), a petition for writ of habeas corpus should be filed in the county where the inmate is detained.
¶ 16. The Court, therefore, concludes that there were ample reasons for finding that the court lacked jurisdiction to hear Moore's petition.

Whether Moore's habeas petition should have been treated as a post-conviction petition
¶ 17. Moore contends that the circuit court erred in ruling that it lacked jurisdiction because his petition was one for post-conviction relief and should have been filed in the county of conviction. As previously discussed, Moore could not have been given any relief regardless of what *945 the petition was called or how it was considered.
¶ 18. As an appeal from the MDOC's Administrative Remedy Program, the appeal was not timely, having been filed more than thirty days after the receipt of the recommendation. As a petition for writ of habeas corpus, the petition did not meet the criteria for relief and was not filed in the county where Moore was held, as required by statute. As a petition for post-conviction relief, the petition was also not filed in the proper county and would be successive, as found by the Lee County Circuit Court and affirmed by this Court. See Moore v. State, 897 So.2d 997 (Miss.Ct. App.2004). The petition would also be time-barred and well beyond the three-year statute of limitations. See Miss.Code Ann. § 99-39-5(2) (Supp.2005).
¶ 19. As argued by the State, if the judgment of the circuit court can be sustained for any reason, it must be affirmed even though the trial court judge based the decision on the wrong legal reason. Patel v. Telerent, 574 So.2d 3, 6 (Miss.1990); Stanley, 846 So.2d at 282(¶12); Booker v. State, 745 So.2d 850(¶18) (Miss.Ct.App.1998). Even if the issues involved do not fall under the post-conviction relief statutes, there were ample reasons for the court to deny relief. We find no merit to the petitioner's argument.

Whether the circuit court erred in ordering forfeiture of Moore's earned time
¶ 20. Moore argues that the circuit court erred in holding that his petition was without merit and frivolous and that he should forfeit earned time pursuant to Mississippi Code Annotated section 47-5-138.
¶ 21. Moore's claims arise from the revocation of his house arrest in December 1998. The present petition was filed in July 2004. This Court addressed Moore's attempts at post-conviction review of his removal from house arrest in Moore v. State, 897 So.2d 997 (Miss.Ct.App.2005). These issues were also raised in the MDOC's Administrative Remedy Program. In numerous decisions, this Court has addressed the proper procedure for removal from house arrest. See, e.g., Moore v. State, 830 So.2d 1274 (Miss.Ct.App.2002); Lewis v. State, 761 So.2d 922 (Miss.Ct.App. 2000).
¶ 22. The circuit court clearly did not err in applying the earned time forfeiture statute in this case.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR.