962 So.2d 78 (2007)
Reno SIGGERS, Appellant
v.
Christopher EPPS, Lawrence Kelly and Lola Nelson, Appellees.
No. 2006-CP-01076-COA.
Court of Appeals of Mississippi.
July 17, 2007.
*79 Reno Siggers, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
CHANDLER, J., for the Court.
¶ 1. Reno Siggers filed a complaint in the Circuit Court of Sunflower County against Mississippi Department of Corrections (MDOC) officials Commissioner Christopher Epps, Superintendent Lawrence Kelly, and Hearing Officer Lola Nelson. Siggers argued that he was entitled to dismissal of a Rules Violation Report (RVR) finding him guilty of possession of contraband. The circuit court concluded that it lacked jurisdiction over Siggers's complaint and dismissed it. Siggers appeals.

FACTS
¶ 2. On October 14, 2005, Siggers, an inmate at Parchman prison, was found to be in possession of two contraband cellular telephones hidden in his personal television. He was issued a RVR. After an investigation, a disciplinary hearing was held before disciplinary hearing officer Nelson on December 1, 2005. The hearing officer found Siggers guilty of the violation. The portion of the RVR which sets out Siggers's punishment is illegible in the record. However, the State's brief indicates that Siggers received twenty days in isolation and lost thirty days of telephone privileges. Invoking his rights under the MDOC Administrative Remedies Program, Siggers filed a grievance seeking to have the disciplinary hearing officer's guilty findings reversed and the RVR expunged from his record. Siggers contended that the MDOC had violated its own policies and procedures by holding his hearing thirty-one days after the RVR was issued when MDOC policies and procedures required a hearing within seven days. Siggers shepherded his claims through three levels of administrative review with his requests denied at each level. After the MDOC's final decision, Siggers received a certificate stating that he had exhausted his administrative remedies. Within thirty days of the final decision, Siggers filed his complaint in the circuit court.
¶ 3. In an order dated May 3, 2006, the circuit court dismissed Siggers's complaint. The court found that it lacked jurisdiction "to act as an appellate court for the appeal of an RVR absent any Constitutional violation." Citing Carson v. Hargett, 689 So.2d 753, 755 (Miss.1996), the court found that Siggers was complaining of his reclassification by the MDOC. The court concluded that because custodial classification of inmates is an administrative decision that does not impinge a prisoner's constitutional liberty interest, the court lacked jurisdiction over the action. Undeterred, Siggers filed a motion to amend his complaint and a document styled "Rule 52(b) and Rule 59(e) Motion." On June 13, 2006, the *80 circuit court denied Siggers's motions, finding that the motions did not assert any new claims. It is from this June 13, 2006 order that Siggers perfected his appeal to this Court.

STANDARD OF REVIEW
¶ 4. In an administrative agency appeal, the standard of review applied by this Court is identical to that of the circuit court. Wilkinson County Bd. of Supervisors v. Quality Farms, Inc., 767 So.2d 1007, 1010 (¶ 9) (Miss.2000). This Court cannot disturb the decision of an administrative agency, here the MDOC, unless the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers or violated the constitutional or statutory rights of the aggrieved party. Edwards v. Booker, 796 So.2d 991, 994 (¶ 10) (Miss. 2001). Whether the circuit court has jurisdiction over a matter is a question of law and is reviewed de novo. Id. at 994 (¶ 9).

LAW AND ANALYSIS
I. MISSISSIPPI CODE ANNOTATED SECTIONS 47-5-801 THROUGH 47-5-807 CONFER JURISDICTION TO THE CIRCUIT COURT TO ENTERTAIN RVR APPEALS FROM INMATES ONCE THEY EXHAUST ADMINISTRATIVE REVIEW PROCEDURES.
¶ 5. Siggers argues that the circuit court erred by finding that, without a constitutional violation, it lacked jurisdiction over his appeal from the MDOC decision. He argues that the court had jurisdiction to review the actions of the MDOC pursuant to Mississippi Code Annotated section 47-5-807 (Rev.2004). Siggers requests that this Court reverse and remand this case to the circuit court for adjudication.
¶ 6. Section 47-5-807 provides: "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Mississippi Code Annotated section 47-5-803 (Rev.2004) requires that a prisoner exhaust administrative remedies before a state court may entertain the prisoner's grievance or complaint. In Edwards, Edwards appealed the decision of the MDOC which removed him from house arrest and placed him in the general prison population. Edwards, 796 So.2d at 998 (¶ 36). As in this case, the circuit court determined that it lacked jurisdiction over Edwards's appeal because there was no constitutional due process violation. Id. at 995 (¶ 18). The supreme court reversed, observing that sections 47-5-803 and 47-5-807 provide a prisoner with a right of judicial review of an adverse MDOC decision if the prisoner has sought review within thirty days of the final agency decision and has exhausted his administrative remedies. Id. at 995-96 (¶ 20). The supreme court found that Edwards had timely appealed after exhausting his administrative remedies and, therefore, the circuit court had jurisdiction. The supreme court held that the MDOC had arbitrarily and capriciously violated its own procedures in the conduct of Edwards's hearing and reversed and remanded the case to the circuit court for a factual determination of whether Edwards had violated the terms of the house arrest program. Id. at 998 (¶¶ 35-36).
¶ 7. This case parallels Edwards. The record shows that Siggers exhausted his administrative remedies and then sought judicial review within thirty days of the MDOC's final decision. Therefore, the circuit court had jurisdiction over Siggers's complaint pursuant to sections 47-5-803 *81 and 47-5-807. The State argues that the circuit court actually did review the MDOC decision because it found that Siggers's constitutional rights had not been violated. The State's argument is without merit. The circuit court made that determination in the course of inquiring into its jurisdiction over Siggers's action. But the court did not perform its full review function because it never determined whether the MDOC's decision was supported by substantial evidence, was arbitrary or capricious, was outside the MDOC's scope or powers, or violated Siggers's statutory rights. Accordingly, we reverse and remand this case to the circuit court for determination of those questions.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.