# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00090-COA

**MAC KENZIE WILLIS**                                               **APPELLANT**

**v.**

**LT. WESTLEY, LT. BROOKS AND WARDEN**                    **APPELLEES**
**WENDELL BANKS**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/27/2016 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MAC KENZIE WILLIS (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL C. BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED: 04/10/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Mac Kenzie Willis appeals the circuit court's dismissal of his complaint for lack of

jurisdiction.  Because we find the circuit court had jurisdiction, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶2.     Willis is an inmate in the custody of the Mississippi Department of Corrections

(MDOC).  In January 2006, Willis was convicted of one count of unlawful touching of a

child and one count of statutory rape.  He was sentenced to fifteen years for the unlawful

touching of a child and twenty years for statutory rape, with the sentences to run

concurrently, for a total of twenty years to serve in the custody of the MDOC.  At all times

relevant to this appeal, Willis was housed at the Central Mississippi Correctional Facility in Rankin County.

¶3. On September 12, 2016, Willis was issued a rule violation report (RVR) for the possession of major contraband—electronic devices or parts, specifically a cell phone and battery. A disciplinary hearing was held where the hearing officer, Latisha Brooks,[1] found Willis guilty of possession of major contraband. As a result, Willis received an eighteen-month loss of all privileges.

¶4. Willis appealed the hearing officer's decision through the MDOC's administrative-remedy program and claimed a violation of due process. Wendell Banks, a warden with the MDOC, reviewed the appeal and found that Willis had received a fair and impartial hearing. As a result, Willis's appeal was denied.

¶5. Willis exhausted his administrative remedies pursuant to Mississippi Code Annotated section 47-5-803 (Rev. 2015) and received notice of the MDOC's final decision on November 10, 2016. On December 9, 2016, Willis filed a complaint for judicial review in the Circuit Court of Rankin County pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2015). The circuit court summarily dismissed the complaint for lack of jurisdiction on December 27, 2016. Willis now appeals and argues he was denied his constitutional right to due process.

---

[1] Willis claims both Lt. Westley and Lt. Brooks were employed with the MDOC as disciplinary hearing officers. However, the RVR lists only Brooks as the hearing officer.

2

ANALYSIS

¶6.    The circuit court summarily dismissed the complaint for lack of jurisdiction. Jurisdictional issues are reviewed de novo. *Miller v. Provident Advert. & Mktg. Inc.*, 155 So. 3d 181, 187 (¶15) (Miss. Ct. App. 2014). Additionally, "[t]he appellate standard of review as to dismissal of actions on the pleadings is de novo." *Horton v. Epps*, 20 So. 3d 24, 30 (¶15) (Miss. Ct. App. 2009).

¶7.    The circuit court did not explain why it lacked jurisdiction. Further, the circuit court did not specify whether it considered subject matter jurisdiction or personal jurisdiction. Instead, in support of its dismissal for lack of jurisdiction, the circuit court simply cited *Moore v. Mississippi Department of Corrections*, 936 So. 2d 941 (Miss. Ct. App. 2005).

¶8.    In *Moore*, the circuit court found it lacked jurisdiction since Moore failed to file his petition in the county where he was detained and failed to file his petition within the statutory thirty-day period following receipt of the MDOC's final decision. *Id*. at 944 (¶¶13-15). On appeal, we affirmed the circuit court's dismissal of Moore's petition and found "that there were ample reasons for finding that the [circuit] court lacked jurisdiction . . . ." *Id*. at (¶16).

¶9.    Here, unlike in *Moore*, the record shows Willis filed his complaint for judicial review in the county where he was detained, i.e., Rankin County. Thus, although not specifically noted, we assume the circuit court's dismissal for lack of jurisdiction was based upon Willis's failure to timely seek judicial review of the MDOC's final decision.[2]

_____

[2] In its judgment of dismissal, the circuit court noted that the MDOC's decision on the RVR was made September 12, 2016, which would indicate that the complaint, filed

3

¶10. Under section 47-5-807, any offender aggrieved by an adverse decision may seek judicial review "within thirty (30) days after receipt of the [MDOC's] final decision." The record indicates Willis filed his complaint for judicial review in the circuit court within thirty days after receipt of the MDOC's final decision, as required by section 47-5-807. However, it appears that when Willis filed his complaint in the circuit court, he failed to attach or include any documentation that showed when he received the MDOC's final decision. Without such documentation, the circuit court was unaware that Willis had in fact exhausted his administrative remedies and timely sought judicial review.

¶11. In *Horton v. Epps*, 20 So. 3d 24, 29 (¶14) (Miss. Ct. App. 2009), the circuit court dismissed an inmate's action for his failure to seek judicial review within thirty days after receipt of the MDOC's final decision. Following the dismissal of his action, the inmate filed documentation that showed he had in fact timely filed his petition. *Id*. at 30 (¶14). On appeal, the MDOC argued that "[t]he [circuit] court's findings in its . . . [o]rder of [d]ismissal were entirely reasonable based on the record before the court at that time" since "[a]ll the evidence before the [circuit] court indicated that Horton did not seek judicial review within the 30-day time period required by law." *Id*. at (¶15). However, we found that although the circuit court was presented with an incomplete record, we "[had] no choice but to reverse the circuit court's finding that th[e] action [was] time-barred for failure to timely file a notice of

December 9, 2016, was untimely. However, as the record shows, September 12, 2016, was the date the RVR was issued. The MDOC's final decision was not made until November 2, 2016, with notice to Willis on November 10, 2016.

appeal." *Id.*

¶12.    Here, as in *Horton*, it appears the circuit court was presented with an incomplete record.  Although Willis claims to have submitted "a copy of the ARP and a copy of the RVR with his [complaint for] judicial review," the record does not indicate that such documents were filed with the circuit court.  Nevertheless, the appellate record includes a copy of the MDOC's final decision, which shows the date Willis received notice of that decision.[3]  The record shows that Willis did in fact seek judicial review within thirty days of receipt of the MDOC's final decision, as required by section 47-5-807.  Thus, the circuit court had jurisdiction over Willis's complaint.

¶13.    While the circuit court did not state why it lacked jurisdiction, it cited and relied upon *Moore* in support of its dismissal.  In *Moore*, insufficiency of process or insufficiency of service of process were not reasons for the circuit court's dismissal for lack of jurisdiction.  In fact, process or service, or the lack thereof, was not an issue at all in *Moore*.  Thus, the circuit court's dismissal of Willis's complaint for lack of jurisdiction was not based on his failure to properly serve the respondents.

¶14.    Mississippi Code Annotated sections 47-5-801 through 47-5-807 confer jurisdiction to the circuit court to entertain RVR appeals from inmates once they exhaust administrative remedies.  *Id.* at 80 (¶6).  Based on the record before us, the circuit court judgment does not indicate whether the court determined it did not have subject matter jurisdiction or personal

_____

[3] The documentation was submitted by both Willis and the MDOC.

jurisdiction. We have concluded that the circuit court's judgment ruled that it did not have subject matter jurisdiction, and this decision was in error. The circuit court does in fact have subject matter jurisdiction, and the circuit court's consideration of personal jurisdiction issues may be considered further on remand.

¶15. Because Willis exhausted his administrative remedies and sought judicial review within thirty days of receipt of the MDOC's final decision, the circuit court had subject matter jurisdiction over Willis's complaint pursuant to sections 47-5-803 and 47-5-807. *See Siggers v. Epps*, 962 So. 2d 78, 80-81 (¶7) (Miss. Ct. App. 2007) ("Siggers exhausted his administrative remedies and then sought judicial review within thirty days of the MDOC's final decision[;] [t]herefore, the circuit court had jurisdiction over Siggers's complaint pursuant to sections 47-5-803 and 47-5-807."). Although the circuit court was presented with an incomplete record due to Willis's failure to file certain documentation, such failure does not preclude reversal of the circuit court's dismissal of the action. *Horton*, 20 So. 3d at 30 (¶15). Accordingly, we reverse and remand this case to the circuit court for further review.

¶16. **REVERSED AND REMANDED.**

**LEE, C.J., BARNES, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON AND WESTBROOKS, JJ.**

**IRVING, P.J., DISSENTING:**

¶17. The majority finds that the circuit court erred in dismissing Willis's complaint against

6

two employees of the Mississippi Department of Corrections (MDOC) and Warden Wendell Banks for lack of jurisdiction. I disagree; therefore, I dissent. I would affirm the judgment of the circuit court.

¶18. In arriving at its decision, the majority makes certain factual assumptions because the circuit court's order dismissing Willis's complaint does not set forth a factual basis for the court's conclusion that it lacked jurisdiction. Therein lies the rub. A careful examination of the docket makes clear that Willis never served his complaint upon the Attorney General of the State of Mississippi (attorney general) as he was required to do, since his complaint was against employees of MDOC for actions taken in their official capacity.

¶19. In his complaint, Willis lists Lieutenants Westley and Brooks as disciplinary hearing officers with the MDOC Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi. He lists Banks as the Warden of the CMCF.

¶20. Rule 4(d)(5) of the Mississippi Rules of Civil Procedure provides in pertinent part:

The summons and complaint shall be served together. Service by sheriff or process server shall be made as follows:

(5) Upon the State of Mississippi or anyone of its departments, officers or institutions, by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi.

¶21. The certificate of service attached to Willis's complaint indicates that he served the complaint by United States mail, postage prepaid, on the following:

Becky Boyd, Circuit Clerk          Warden Wendell Banks
Post Office Box 1599               CMCF, Post Office Box 88550
Brandon, MS 39043                 Pearl, MS 39208

7

District Court Clerk                           Fifth Circuit Appeal Court Clerk
501 East Court St., Suite 2500                 600 S. Maestri Place
Jackson, MS 39205                              New Orleans, LA 70130-3408.

¶22.    I find that the record, as discussed above, supplies an adequate factual basis such that this Court can say with confidence that Willis failed to obtain process on the respondents in the circuit court, thereby robbing that court of in personam jurisdiction of the defendants. Since the circuit court did not acquire in personam jurisdiction of the defendants because Willis failed to serve process on them, this Court's jurisdiction suffers from the same defect. Therefore, I would affirm the dismissal of Willis's complaint for that specific reason.

¶23.    Appellate courts "are not restricted to [a circuit] court's rationale or its reasons for the result it reached. On appeal, [an appellate court] will affirm a decision of the circuit court where the right result is reached even though [the appellate court] may disagree with the reason for that result. *Stewart v. Walls*, 534 So. 2d 1033, 1035 (Miss. 1988).

¶24.    In *McClurg v. State*, 870 So. 2d 681 (¶2) (Miss. Ct. App. 2004), McClurg, an inmate in MDOC's custody, filed a complaint against the State of Mississippi, arguing that he was required to serve more time than similarly situated inmates before being eligible for parole. We found that McClurg "should never have been allowed to proceed on appeal . . . and that the original suit should have been dismissed for failure to properly name *and serve* the actual parties in interest, namely the Parole Board and Department of Corrections." (Emphasis added). *Id.* at 682 (¶6).

¶25.    On December 9, 2016, Willis filed a complaint for judicial review in the Circuit Court

8

of Rankin County pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2015). Once a complaint has been filed in the circuit court, our rules of civil procedure require that the complaint and a summons be served on the defendant and that the defendant serve his answer within thirty days after the service of the summons and complaint. M.R.C.P. 4, 12.

¶26. I note that the clerk's papers do not show that a summons was ever requested or issued for service upon anyone—not upon Warden Banks, who was the only state-agency defendant listed in Willis's certificate of service, nor upon the attorney general. I am mindful that Rule 4(h) gives a plaintiff 120 days to serve the complaint and summons on a defendant and that a dismissal prior to 120 days would be premature. Here, the dismissal occurred eighteen days after the complaint was filed. However, in light of the fact that no summons was ever requested, it seems reasonable to me to conclude that Willis, for whatever reason, had no intention of serving the attorney general.

¶27. The State raised the jurisdictional argument in its brief, and Willis filed a rebuttal brief but did not address the issue in his rebuttal brief after being alerted by the State that process had not been obtained on the attorney general. The State, citing *Mansour v. Charmax Industries, Inc.*, 680 So. 2d 852, 853 (Miss. 1996), points out that "[i]f the court does not have service of process or an appearance of an individual, then that court lacks jurisdiction." I agree. While section 47-5-807 gives the circuit court subject matter jurisdiction, it does not confer in personam jurisdiction over a defendant named in a complaint and against whom relief is sought. That has to be acquired by service of process pursuant to Rule 4.

9

¶28. While I do not necessarily disagree with the majority that the circuit court may have erroneously concluded that it did not have subject matter jurisdiction, that is not the point of this dissent. The point is that the circuit court did not have in personam jurisdiction over the defendants, and the State has not waived jurisdiction, as the first issue that the State asserts in its brief is that this Court should dismiss for lack of jurisdiction. In any event, more than 120 days have now passed since Willis filed his complaint without having it served on the State; therefore, no action can be taken on that complaint unless Willis can show good cause why no service was made within the 120 days.

¶29. I cannot imagine how Willis can show good cause in light of the fact that he did not list the attorney general in his certificate of service. Had he done so, it would at least have indicated that he was aware that the attorney general had to be served and that Willis might have had plans of serving him at some point. Additionally, as stated and based on a perusal of the clerk's papers, Willis never requested that a summons be issued. So the majority's decision to reverse and remand to the circuit court for further review is tantamount to mandating the circuit court to hear a case even though it lacks jurisdiction over the defendants. On the other hand, if it is the view of the majority that on remand the circuit court is permitted to determine if it has in personam jurisdiction of the defendants and dismiss the complaint if it determines that it does not, then the majority ought to say so. Otherwise, there is a good chance that the circuit court may interpret the majority opinion as mandating a review of Willis's appeal on the merits.

¶30. The record clearly shows that the circuit court did not acquire in personam jurisdiction over the appellees. The majority ignores the significance of this fact and reverses and remands, presumably for the purpose of the circuit court hearing Willis's appeal on the merits. As stated, we, as an appellate court, may affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason, as determined by the trial court, for that result. I would affirm the judgment of dismissal. While the dismissal may have been premature, nothing in the record suggests that Willis was attempting to obtain service at the time of the dismissal or that he was even aware of his need to serve the attorney general. And more importantly, when the deficiency in process was pointed out to Willis by the State, he did nothing.

¶31. For the reasons presented, I dissent.

**CARLTON AND WESTBROOKS, JJ., JOIN THIS OPINION.**

11