GRIFFIS, P.J., FOR THE COURT:
 

 ¶ 1. Mac Kenzie Willis appeals the circuit court's dismissal of his complaint for lack of jurisdiction. Because we find the circuit court had jurisdiction, we reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Willis is an inmate in the custody of the Mississippi Department of Corrections (MDOC). In January 2006, Willis was convicted of one count of unlawful touching of a child and one count of statutory rape. He was sentenced to fifteen years for the unlawful touching of a child and twenty years for statutory rape, with the sentences to run concurrently, for a total of twenty years to serve in the custody of the MDOC. At all times relevant to this appeal, Willis was housed at the Central Mississippi Correctional Facility in Rankin County.
 

 ¶ 3. On September 12, 2016, Willis was issued a rule violation report (RVR) for the possession of major contraband-electronic devices or parts, specifically a cell phone and battery. A disciplinary hearing was held where the hearing officer, Latisha Brooks,
 
 [1]
 
 found Willis guilty of possession of major contraband. As a result, Willis received an eighteen-month loss of all privileges.
 

 ¶ 4. Willis appealed the hearing officer's decision through the MDOC's administrative-remedy program and claimed a violation of due process. Wendell Banks, a warden with the MDOC, reviewed the appeal and found that Willis had received a fair and impartial hearing. As a result, Willis's appeal was denied.
 

 ¶ 5. Willis exhausted his administrative remedies pursuant to Mississippi Code Annotated section 47-5-803 (Rev. 2015) and received notice of the MDOC's final decision on November 10, 2016. On December 9, 2016, Willis filed a complaint for judicial review in the Circuit Court of Rankin County pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2015). The circuit court summarily dismissed the complaint for lack of jurisdiction on December 27, 2016. Willis now appeals and argues he was denied his constitutional right to due process.
 

 ANALYSIS
 

 ¶ 6. The circuit court summarily dismissed the complaint for lack of jurisdiction. Jurisdictional issues are reviewed de novo.
 
 Miller v. Provident Advert. & Mktg. Inc
 
 .,
 
 155 So.3d 181
 
 , 187 (¶ 15) (Miss. Ct. App. 2014). Additionally, "[t]he appellate standard of review as to dismissal of actions on the pleadings is de novo."
 
 Horton v. Epps
 
 ,
 
 20 So.3d 24
 
 , 30 (¶ 15) (Miss. Ct. App. 2009).
 

 ¶ 7. The circuit court did not explain why it lacked jurisdiction. Further, the circuit court did not specify whether it considered subject matter jurisdiction or personal jurisdiction. Instead, in support of its dismissal for lack of jurisdiction, the circuit court simply cited
 
 Moore v. Mississippi Department of Corrections
 
 ,
 
 936 So.2d 941
 
 (Miss. Ct. App. 2005).
 

 ¶ 8. In
 
 Moore
 
 , the circuit court found it lacked jurisdiction since Moore failed to file his petition in the county where he was detained and failed to file his petition within the statutory thirty-day period following receipt of the MDOC's final decision.
 
 Id
 
 . at 944 (¶¶ 13-15). On appeal, we affirmed the circuit court's dismissal of Moore's petition and found "that there were ample reasons for finding that the [circuit] court lacked jurisdiction ...."
 
 Id
 
 . at (¶ 16).
 

 ¶ 9. Here, unlike in
 
 Moore
 
 , the record shows Willis filed his complaint for judicial review in the county where he was detained, i.e., Rankin County. Thus, although not specifically noted, we assume the circuit court's dismissal for lack of jurisdiction was based upon Willis's failure to timely seek judicial review of the MDOC's final decision.
 
 [2]
 

 ¶ 10. Under section 47-5-807, any offender aggrieved by an adverse decision may seek judicial review "within thirty (30) days after receipt of the [MDOC's] final decision." The record indicates Willis filed his complaint for judicial review in the circuit court within thirty days after receipt of the MDOC's final decision, as required by section 47-5-807. However, it appears that when Willis filed his complaint in the circuit court, he failed to attach or include any documentation that showed when he received the MDOC's final decision. Without such documentation, the circuit court was unaware that Willis had in fact exhausted his administrative remedies and timely sought judicial review.
 

 ¶ 11. In
 
 Horton v. Epps
 
 ,
 
 20 So.3d 24
 
 , 29 (¶ 14) (Miss. Ct. App. 2009), the circuit court dismissed an inmate's action for his failure to seek judicial review within thirty days after receipt of the MDOC's final decision. Following the dismissal of his action, the inmate filed documentation that showed he had in fact timely filed his petition.
 
 Id
 
 . at 30 (¶ 14). On appeal, the MDOC argued that "[t]he [circuit] court's findings in its ... [o]rder of [d]ismissal were entirely reasonable based on the record before the court at that time" since "[a]ll the evidence before the [circuit] court indicated that Horton did not seek judicial review within the 30-day time period required by law."
 
 Id
 
 . at (¶ 15). However, we found that although the circuit court was presented with an incomplete record, we "[had] no choice but to reverse the circuit court's finding that th[e] action [was] time-barred for failure to timely file a notice of appeal."
 
 Id
 
 .
 

 ¶ 12. Here, as in
 
 Horton
 
 , it appears the circuit court was presented with an incomplete record. Although Willis claims to have submitted "a copy of the ARP and a copy of the RVR with his [complaint for] judicial review," the record does not indicate that such documents were filed with the circuit court. Nevertheless, the appellate record includes a copy of the MDOC's final decision, which shows the date Willis
 received notice of that decision.
 
 [3]
 
 The record shows that Willis did in fact seek judicial review within thirty days of receipt of the MDOC's final decision, as required by section 47-5-807. Thus, the circuit court had jurisdiction over Willis's complaint.
 

 ¶ 13. While the circuit court did not state why it lacked jurisdiction, it cited and relied upon
 
 Moore
 
 in support of its dismissal. In
 
 Moore
 
 , insufficiency of process or insufficiency of service of process were not reasons for the circuit court's dismissal for lack of jurisdiction. In fact, process or service, or the lack thereof, was not an issue at all in
 
 Moore
 
 . Thus, the circuit court's dismissal of Willis's complaint for lack of jurisdiction was not based on his failure to properly serve the respondents.
 

 ¶ 14. Mississippi Code Annotated sections 47-5-801 through 47-5-807 confer jurisdiction to the circuit court to entertain RVR appeals from inmates once they exhaust administrative remedies.
 

 Id.
 

 at 80
 
 (¶6). Based on the record before us, the circuit court judgment does not indicate whether the court determined it did not have subject matter jurisdiction or personal jurisdiction. We have concluded that the circuit court's judgment ruled that it did not have subject matter jurisdiction, and this decision was in error. The circuit court does in fact have subject matter jurisdiction, and the circuit court's consideration of personal jurisdiction issues may be considered further on remand.
 

 ¶ 15. Because Willis exhausted his administrative remedies and sought judicial review within thirty days of receipt of the MDOC's final decision, the circuit court had subject matter jurisdiction over Willis's complaint pursuant to sections 47-5-803 and 47-5-807.
 
 See
 

 Siggers v. Epps
 
 ,
 
 962 So.2d 78
 
 , 80-81 (¶ 7) (Miss. Ct. App. 2007) ("Siggers exhausted his administrative remedies and then sought judicial review within thirty days of the MDOC's final decision[;] [t]herefore, the circuit court had jurisdiction over Siggers's complaint pursuant to sections 47-5-803 and 47-5-807."). Although the circuit court was presented with an incomplete record due to Willis's failure to file certain documentation, such failure does not preclude reversal of the circuit court's dismissal of the action.
 
 Horton
 
 ,
 
 20 So.3d at 30
 
 (¶ 15). Accordingly, we reverse and remand this case to the circuit court for further review.
 

 ¶ 16.
 
 REVERSED AND REMANDED.
 

 LEE, C.J., BARNES, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON AND WESTBROOKS, JJ.
 

 Willis claims both Lt. Westley and Lt. Brooks were employed with the MDOC as disciplinary hearing officers. However, the RVR lists only Brooks as the hearing officer.
 

 In its judgment of dismissal, the circuit court noted that the MDOC's decision on the RVR was made September 12, 2016, which would indicate that the complaint, filed December 9, 2016, was untimely. However, as the record shows, September 12, 2016, was the date the RVR was issued. The MDOC's final decision was not made until November 2, 2016, with notice to Willis on November 10, 2016.
 

 The documentation was submitted by both Willis and the MDOC.