# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01466-COA

**MACKENZIE WILLIS**                                **APPELLANT**

**v.**

**LT. WESTLEY, LT. BROOKS AND WARDEN**        **APPELLEES**
**WENDELL BANKS**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/2018 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MACKENZIE WILLIS (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 12/17/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. MacKenzie Willis is an inmate in the custody of the Mississippi Department of Corrections (MDOC), serving concurrent sentences of fifteen years and twenty years for the unlawful touching of a child and statutory rape, respectively.[1] After the Rankin County Circuit Court denied his requested relief and dismissed his complaint related to an MDOC decision in its Administrative Remedy Program (ARP), Willis appealed the judgment. Finding no error, we affirm the court's dismissal.

---

[1] At the time of these proceedings, Willis was incarcerated at the Rankin County Correctional Facility. According to the MDOC website, he was reassigned to the George County Correctional Facility in February 2019.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On September 12, 2016, the MDOC issued a rules violation report (RVR) against Willis for possession of a contraband cell phone and battery. A disciplinary hearing was held, and the MDOC's hearing officer, Lieutenant Latisha Brooks, found Willis guilty of the violation and sentenced him to a loss of privileges for eighteen months. Willis appealed the decision through the ARP on October 12. MDOC Warden Wendell Banks denied the appeal, finding Willis had not submitted any new evidence or information and had received a fair and impartial hearing. Willis acknowledged the decision by signing a step-one response form on November 10.

¶3.     On December 9, 2016, Willis filed a complaint for judicial review with the circuit court, alleging that his due-process rights had been violated.[2] The court dismissed his claim for lack of jurisdiction, and he filed an appeal with this Court. We reversed and remanded, finding the circuit court had subject-matter jurisdiction because Willis had exhausted his administrative remedies and had filed his complaint within the thirty-day period required under Mississippi Code Annotated sections 47-5-803 and 47-5-807 (Rev. 2015). *Willis v. Westley*, 243 So. 3d 805, 809 (¶15) (Miss. Ct. App. 2018).[3]

---

[2] Although Willis named Lt. Wesley as a defendant, along with Lt. Brooks and Warden Banks, only Lt. Brooks is listed on the RVR as the hearing officer. We will collectively refer to the appellees as the MDOC.

[3] The dissent argued that the circuit court lacked personal jurisdiction because Willis had not filed proper service of process against the Attorney General's Office as required under Rule 4(d)(5) of the Mississippi Rules of Civil Procedure. *Willis*, 243 So. 3d at 809 (¶¶20-22).

¶4.    On August 7, 2018, Willis filed a petition for a writ of mandamus with the Court of Appeals, requesting "an expedient ruling" by the circuit court. This Court ordered the circuit court to respond to the petition within thirty days. The circuit court, in turn, ordered the MDOC to file a response to the merits of Willis's claims with the court. The MDOC moved to quash the summons and to dismiss the complaint, arguing that Willis had failed to provide the MDOC with service of process through the Attorney General's Office as required by Mississippi Rule of Civil Procedure 4(d)(5) and that the MDOC had not made a general appearance.

¶5.    On September 17, 2018, the circuit court denied the requested relief and dismissed Willis's complaint, finding the MDOC's decision "was supported by substantial evidence, was not arbitrary or capricious, was within the scope and powers of the MDOC and did not violate the constitutional rights of the petitioner."[4] Appealing the circuit court's judgment, Willis claims that the RVR form was incomplete (i.e., that the RVR did not contain the location of the incident) and that his right to due process was violated.

## STANDARD OF REVIEW

¶6.    We "will not disturb an administrative agency's decision on appeal 'unless the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers or violated the constitutional or statutory rights of the aggrieved party.'" *Fields v. Ladner*, 226 So. 3d 599, 601 (¶5) (Miss. Ct. App. 2017) (quoting

---

[4] This Court subsequently dismissed Willis's petition for a writ of mandamus as moot.

*Siggers v. Epps*, 962 So. 2d 78, 80 (¶4) (Miss. Ct. App. 2007)). "There is a rebuttable presumption [that] favors the agency's decision, and the challenging party has the burden of proving the contrary." *Goul v. Miss. Dep't of Corr.*, 210 So. 3d 560, 562 (¶9) (Miss. Ct. App. 2017) (quoting *Ross v. Epps*, 922 So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006)). Jurisdiction, however, is reviewed de novo as it is a question of law. *Siggers*, 962 So. 2d at 80 (¶4).

## DISCUSSION

### I. Whether the circuit court erred in dismissing Willis's claim.

¶7. In our prior decision, we determined that the circuit court could consider the issue of personal jurisdiction on remand. *Willis*, 243 So. 3d at 808 (¶14). However, the circuit court did not address any jurisdictional issues but affirmed the MDOC's decision based on the merits. The MDOC continues to argue that the circuit court lacked personal jurisdiction because Willis failed to serve the MDOC with service of process through the Mississippi Office of the Attorney General pursuant to Rule 4(d)(5). We reject the MDOC's argument based on our decision in *Jobe v. Mississippi Department of Corrections*, No. 2018-CP-00087-COA, at 10-11 (¶¶25-27) (Miss. Ct. App. Dec. 17, 2019), of even date herewith. In *Jobe*, we conclude that an inmate's petition seeking review of an ARP decision is not a "regular civil filing" requiring service of process under Rule 4(d)(5), but a notice of appeal from an administrative agency governed by Uniform Civil Rule of Circuit and County Court 5.04. Therefore, we find the court had personal jurisdiction in the instant case.

4

¶8. Willis contends that the failure to list his specific housing unit, zone/tier, or cell/bed on the RVR was evidence that the MDOC did not review the form for completeness and that this failure to follow the MDOC's standard operating procedures violated his due-process rights. He has cited no authority to support this claim. The MDOC disciplinary procedures provide that disciplinary reports should include, "but are not limited to," the following information: the specific rule violated, a formal statement of the charge, any unusual inmate behavior, any staff witnesses, any physical evidence and its disposition, any immediate action taken, and the reporting staff member's signature and time of the report. The defender's name, number, housing unit, zone/tier, cell/bed are designated as "additional information" in the procedural rule.[5] The MDOC handbook states that an RVR "will include the violation charge, essential facts supporting the alleged violation, processing actions taken (to include requests for investigation and lists of requesting witnesses), findings and the disciplinary action taken."[6] The RVR provided Willis with the notice of the charge against him and notice of the hearing. He was also provided the opportunity to be present at the hearing and call witnesses. Willis also does not deny the allegation in the RVR that he possessed contraband.

[5] Mississippi Department of Corrections, Standard Operating Procedures: Disciplinary Procedures, No. 18-01-01, *available upon request at* https://www.mdoc.ms.gov/Admin-Finance/Documents/PublicAccessPolicies.pdf (last visited Dec. 17, 2019).

[6] Mississippi Department of Corrections, Inmate Handbook (2016), *current version available at* https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_XI.pdf, ch. XI, part II, subpart F (last visited Dec. 17, 2019).

¶9. Willis also received a loss of privileges as a result of the violation. This Court has held "that not all administrative disciplinary actions are subject to a due-process analysis." *Green v. Miss. Dep't of Corr.*, 126 So. 3d 65, 67 (¶6) (Miss. Ct. App. 2013) (citing *Mixon v. Enlers*, 90 So. 3d 635, 637 (¶5) (Miss. Ct. App. 2012)). In *Mixon*, we determined that the loss of privileges for thirty days was "not a property right that would constitute a violation of [the inmate's] constitutionally protected liberty interest" but "merely [a] change[] in the condition of his confinement. . . ." *Mixon*, 90 So. 3d at 637 at (¶6).

¶10. Accordingly, we find no error in the circuit court's dismissal of Willis's complaint. Based on our disposition, we decline to address the remaining arguments raised by the MDOC on appeal except for its claim regarding the grant of IFP status on appeal.

## II. Whether the circuit court erred in granting Willis leave to file in forma pauperis.

¶11. Willis filed the circuit court's February 1, 2017 order granting him leave to file with forma pauperis (IFP) status on appeal. While that IFP order is from his prior appeal, Willis has filed an updated affidavit of poverty with this Court on October 5, 2018, which is the day he filed his notice of appeal in this case. Although the MDOC complains that Willis is "trick[ing]" this Court into accepting the old IFP order to avoid paying costs, we find no issue with the submission of the order in this particular instance because this appeal originates from the same action and proceedings from the prior order.

¶12. The MDOC further argues that Willis is not entitled to IFP status on appeal because his suit is a purely civil action, citing *Nelson v. Bank of Mississippi*, 498 So. 2d 365, 366

6

(Miss. 1986) (holding that an indigent civil litigant does not have a right to proceed IFP on appeal) and a 1988 opinion by Mississippi's Attorney General, stating that it was "aware of no authority" empowering a board of supervisors "to appropriate money to pay the costs of civil appeals prosecuted by private citizens, notwithstanding said citizens may be indigent." Miss. Att'y Gen. Op., 1988 WL 249981, *Jack E. Harper Jr.* (Mar. 21, 1988). Subsequently, in *Johnson v. State*, 623 So. 2d 265, 266-67 (Miss. 1993), the Mississippi Supreme Court provided an exception to *Nelson*, holding that while an indigent civil litigant may not proceed IFP in an appeal, this rule does not apply to appeals brought under the Uniform Post-Conviction Collateral Relief Act. Post-conviction collateral actions, while technically civil in nature, deal with criminal matters. *Id*. at 266 (citing Miss. Code Ann. §§ 99-39-7, 99-39-25(1) (Supp. 1992)).

¶13. Mississippi Code Annotated section 47-5-76 (Rev. 2015) governs the payment of costs by the MDOC for an inmate's filing of a civil action. After an in-depth examination of section 47-5-76 and its legislative history, specifically its most recent amendments in 1998 and 2005, we conclude that an inmate may be granted IFP status on appeal under the statute. In 1989, the Legislature enacted section 47-5-76, providing that if an inmate is a plaintiff in a civil action and has filed a pauper's affidavit, the MDOC "shall pay, out of any funds available for such purpose" all court costs assessed against the inmate. Miss. Code Ann. § 47-5-76 (Supp. 1989). The statute was amended in 1993, restricting the payment of costs to those civil actions filed against a department employee that pertained to a condition of

7

confinement:

> If an inmate plaintiff files a pauper's affidavit in a civil action and the defendant is an employee of the department and the civil action pertains to the inmate's condition of confinement, the department shall pay, out of any funds available for such purpose, all costs of court assessed against such inmate in such civil action.

Miss. Code Ann. § 47-5-76 (Rev. 1993).

¶14.    In *Moreno v. State*, 637 So. 2d 200 (Miss. 1994), an inmate challenged whether IFP status under section 47-5-76 could extend to an inmate's filing of an appeal. The Mississippi Supreme Court concluded that the statute "unambiguous[ly] . . . allows an inmate plaintiff *only* to proceed [IFP] at the trial level, if all of the statutory requirements are met, *but not at the appellate level*." *Moreno*, 637 So. 2d at 202 (emphasis added) (noting statutory language used was "plaintiff" and "defendant"—"legal terms of art . . . commonly understood to describe the parties to a civil suit").

¶15.    In 1996, the Legislature added subsection (2) to section 47-5-76 to address repeated frivolous filings by an inmate.[7] In 1998, subsection (1) was amended to include—for the first time—language referencing an inmate's filing an appeal. *See* Miss. Code Ann. § 47-5-76 (Rev. 2004) (stating the department shall not pay court costs if the inmate had on three or more occasions "brought an action *or appeal* that was dismissed on the grounds that it was

---

[7] Shortly after the 1996 amendment, the supreme court reiterated in *Carson v. Hargett*, 689 So. 2d 753, 755 (Miss. 1996), that section 47-5-76 is only applicable at the trial level, not the appellate level. Because the action in *Carson* involved a writ of habeas corpus, however, the supreme court rejected the State's argument that the inmate pay the costs of the action. *Carson*, 689 So. 2d at 755.

frivolous, malicious, or failed to state a claim upon which relief could be granted") (emphasis added). The most recent version of section 47-5-76 is from the 2005 amendment, which provides:

> (1) Except as provided in subsection (2) of this section, if an inmate plaintiff files a pauper's affidavit in a civil action and the defendant is an employee of the department and the civil action pertains to the inmate's condition of confinement, the department shall pay, out of any funds available for such purpose, all costs of court assessed against the inmate in the civil action. However, the department shall not pay the costs of court if the inmate has on three (3) or more prior occasions, while incarcerated, brought an action *or appeal* that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.
>
> An inmate shall not bring a civil action *or appeal* a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> **(2) An inmate who proceeds in forma pauperis in a civil action shall pay twenty percent (20%) per month of the funds in his or her inmate account to the Department of Corrections until all filing fees and costs of his or her litigation are paid to the department. The department may withdraw such funds automatically from the account of any inmate permitted a civil filing as a pauper. *If an inmate is allowed an appeal in forma pauperis of a civil action*, the inmate shall reimburse all costs and fees to the department by automatic withdrawal each month in the amount of twenty percent (20%) of his or her funds until all state funds are reimbursed.**

Miss. Code Ann. § 47-5-76 (Rev. 2015) (emphasis added) (2005 additions in bold). We find that this language referencing appeals in the 1998 and 2005 amendments allows a trial court to grant an inmate IFP status on appeal. Willis filed this action against department employees under section 47-5-76(1), challenging a condition of confinement (i.e., his

9

temporary loss of privileges). We conclude that the statute's language provides the trial court with authority to allow him to proceed IFP on appeal. Accordingly, we find no error.

¶16. We find it appropriate to assess costs of this appeal to the appellant, despite his IFP status, as the MDOC is entitled to withdraw funds from Willis's inmate account until all fees and costs of his appeal are repaid. As the Rankin County Board of Supervisors paid Willis's filing costs on appeal, the MDOC would presumably reimburse the board for the costs of the appeal.

¶17. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**