# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CC-00379-COA

**JACOB CHAVIS**                                                                    **APPELLANT**

**v.**

**JACKSON COUNTY SHERIFF'S DEPARTMENT**                          **APPELLEE**

DATE OF JUDGMENT:              02/07/2018
TRIAL JUDGE:                  HON. KOSTA N. VLAHOS
COURT FROM WHICH APPEALED:    JACKSON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:      RUSSELL S. GILL
                              JOSEPH RICHARD TRAMUTA
ATTORNEY FOR APPELLEE:        H. BENJAMIN MULLEN
NATURE OF THE CASE:           CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                  AFFIRMED - 05/14/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Jacob Chavis appeals the Jackson County Circuit Court's judgment affirming the Jackson County Sheriff's Department Civil Service Commission's decision to uphold Chavis's termination from the Jackson County Sheriff's Department. After review of the record, we affirm.

## FACTS

¶2.     On October 19, 2015, the Jackson County Sheriff's Department (JCSO) terminated Chavis after determining he was in violation of JCSO Policy 4.24, which controls when a deputy may make an off-duty arrest. On the day before his termination, October 18, 2015, Chavis was off-duty and traveling with his wife and minor child from Georgia to their home

in Mississippi. During his Commission hearing, Chavis testified that he first noticed a reckless driver while in Alabama on Interstate 10. He stated that he later saw the same driver near Exit 50 in Ocean Springs, Mississippi, when the driver turned across three lanes of traffic toward the exit ramp and nearly collided with Chavis's vehicle.

¶3. Chavis stated that he immediately called the JCSO's non-emergency number to report the driver and followed the vehicle for less than a mile to obtain a license plate number and description of the driver to provide to the dispatch officer. When Chavis pulled up next to the driver, later identified as Tammy Hewitt, to obtain a description, Hewitt noticed him observing her. Chavis testified at that point Hewitt became belligerent and started to scream and cuss at him. Chavis stated that he rolled down his passenger window to inform Hewitt that law enforcement officers were on their way and she should leave him alone.

¶4. Chavis said that Hewitt continued to harass him at the red light, and at that point he showed her his badge and stated she needed to move along. Chavis stated that once the light turned green he lost sight of Hewitt in the traffic but pulled into a parking lot to look for her passing. While in the parking lot, Chavis stated that Hewitt also turned into the lot and pulled up next to him. Chavis further testified that he crossed the street to prevent a confrontation and came in contact with Lieutenant Robert Blocker. He stated he informed Blocker that Hewitt was across the street and Blocker instructed Chavis to go home, which he did.

¶5. According to Blocker, Hewitt told him that Chavis intimidated her into pulling over by following her and flashing his badge. She also stated that she was going to file a formal

complaint with the Sheriff's Department regarding Chavis's behavior the next day.

¶6.    The next morning when Chavis arrived to work, Major Ray Bates inquired of the events of the previous day and informed Chavis he could either resign or be fired. Chavis stated that he did nothing improper and received a notice of termination the same day. The notice stated that Chavis was being terminated immediately because he violated department Policy 4.24 and had been previously reprimanded for the same policy violation on January 21, 2015.

¶7.    Days later, on October 26, 2015, Chavis appealed his termination to the Jackson County Sheriff's Department Civil Service Commission (Commission). On August 24, 2016, the Commission held a termination hearing and ultimately upheld his termination. In September 2016 the Commission issued findings of facts, and Chavis subsequently appealed the decision to the Jackson County Circuit Court. On October 30, 2017, counsel for both parties presented oral arguments to the circuit court. The circuit court affirmed the decision of the Commission, and Chavis now appeals to this Court.

**STANDARD OF REVIEW**

¶8.    "In an administrative agency appeal, the standard of review applied by this Court is identical to that of the circuit court." *Siggers v. Epps*, 962 So. 2d 78, 80 (¶14) (Miss. Ct. App. 2007). "This Court cannot disturb the decision of an administrative agency, here the [Commission], unless the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers or violated the constitutional or statutory rights of the aggrieved party." *Id.* Furthermore, "[t]his Court is not to determine

3

issues of fact regarding whether an employee was guilty of the charge or not, but should only determine whether the commission acted in good faith based on the evidence before it." *City of Laurel v. Brewer*, 919 So. 2d 217, 222 (¶15) (Miss. Ct. App. 2005).

## DISCUSSION

¶9.     On appeal, Chavis raises ten issues: (1) whether the Commission's finding that Chavis "violated Sheriff's Department Policy 4.24 by having a minor child in his vehicle during his interaction with Tammy Hewitt" was supported by substantial evidence, was arbitrary and capricious, and violated a statutory right; (2) whether the Commission's finding that Chavis had previously violated the Sheriff's Department Policy 4.24 was supported by substantial evidence, was arbitrary and capricious, and violated a statutory right; (3) whether the Commission's decision to admit into evidence a memorandum containing testimonial hearsay and prepared in anticipation of a disciplinary proceeding violated some statutory or constitutional rights of Chavis; (4) whether the Commission wrongly denied Chavis's motion for a directed verdict; (5) whether the Commission's ruling that due process was afforded to Chavis during his termination and subsequent proceedings was supported by substantial evidence and contrary to the laws of this state; (6) whether Chavis should be awarded back pay if his termination was wrongful; (7) whether the circuit court erred in finding Chavis "intended for this pursuit to result in the arrest of the driver for a minor traffic offense," which was not a fact found by the Commission and not supported by substantial evidence; (8) whether the circuit court erred in finding that "the Appellee's Civil Service Commission had . . . substantial evidence before it to support its affirmance of the JCSO's decision to

4

terminate Appellant for violating Section 4.24 of the JCSO's Policies and Procedures"; (9) whether the circuit court erred in finding that the JCSO's failure to provide Chavis with a pre-termination hearing did not violate his statutory and constitutional rights; and (10) whether the circuit court erred in affirming the decision of the Commission after finding that "Appellant did not make the physical arrest."

¶10.    In our discussion, we combine Chavis's issues for brevity and clarity.

> I.    *Whether the Commission erred in upholding Chavis's termination.*

¶11.    Five of the ten issues raised by Chavis look to whether the Commission properly found that Chavis's termination was supported by substantial evidence or whether it was arbitrary and capricious. Chavis attacks the violation he was terminated for, the alleged previous violation, a memorandum admitted into evidence, the denial of his motion for a directed verdict, and the conclusion he was provided due process despite not receiving a full pre-termination and post-termination process under Mississippi Code Annotated section 21-31-23 (Rev. 2015).

¶12.    "The civil service commission reviews the employment decisions of a city when a city has removed, suspended, demoted, or discharged a civil service employee." *City of Laurel*, 919 So. 2d at 221 (¶13). "The commission can reverse a city's actions only if the termination was made for political reasons, religious reasons, and/or the termination was not made in good faith for cause." *Id*.; *see also* Miss. Code Ann. § 21-31-23 (Rev. 2001). "The commission will affirm the disciplinary action taken against the employee only when the evidence is conclusive." *Id.*

5

¶13.     Here, Chavis was terminated for violating JCSO Policy 4.24, which states:

**Prohibited Off-Duty Arrests:**
Officers of this agency may not make an arrest off-duty:
1. When personally involved in the underlying incident;
2. When engaged in off-duty employment and the officer's actions are only in furtherance of the interests of the private employer;
3. As enforcement of a minor traffic regulation, code, or administrative matter;
4. When he has custody of minor children and is responsible for their safety and protection.

Chavis maintains that he never attempted to arrest Hewitt, so it is not possible for him to have violated JCSO's off-duty arrest policy. JCSO argues that by the nature of Chavis being off-duty, having his minor child in his vehicle, and interacting with Hewitt based on a minor traffic violation, he was in violation of the policy. The Commission agreed.

¶14.     The Commission was charged with determining whether JCSO terminated Chavis for cause in good faith based on substantial evidence before it. "The Mississippi Supreme Court has defined substantial evidence as evidence that is more than a scintilla; it must do more than create a suspicion, especially where the proof must show bad faith." *Miss. State Bd. of Examiners for Soc. Workers & Marriage & Family Therapists v. Anderson*, 757 So. 2d 1079, 1086 (¶22) (Miss. Ct. App. 2000) (quoting *Miss. Real Estate Comm'n v. Anding*, 732 So. 2d 192, 196 (¶13) (Miss. 1999)). Chavis held the burden to prove that his termination was made in bad faith. The Mississippi Supreme Court has held that "an arrest begins when an officer begins his pursuit for the purpose of making an arrest." *Smith v. State*, 128 So. 2d 857, 859 (Miss. 1961). By his own admission, while Chavis was not the exact officer who arrested Hewitt, he pursued her, flashed his badge at her, and directed her. We find that this evidence is more than a scintilla and supports the Commission's decision to find JCSO terminated

Chavis in good faith.

¶15. Chavis also asserts that he had not previously been in violation of Policy 4.24 and the Commission's finding that he had was error, but the record reflects otherwise. The January 21, 2015 "Letter of Reprimand" is initialed by Chief Deputy John Ledbetter and plainly states that Chavis was reprimanded for "initiating contact and confronting an erratic driver" while he and his daughter were in his personal vehicle. Additionally, Chavis signed a "Notification of Intent to Initiate Disciplinary Action," which expressly stated he was being disciplined for violating Policy 4.24. Accordingly, we find that the Commission had substantial evidence to find that Chavis had previously violated the department's policy.

¶16. Chavis argues that the memo allowed into evidence by the Commission contains hearsay that should have been stricken. The Mississippi Supreme Court has held that "[a]n administrative agency may receive hearsay evidence where it is corroborated or where there is other satisfactory indicia of reliability." *McDerment v. Miss. Real Estate Comm'n*, 748 So. 2d 114, 121 (¶22) (Miss. 1999) (quoting *McGowan v. Miss. State Oil & Gas Bd.*, 604 So. 2d 312, 320 (Miss. 1992)). Here, Chavis asserts that the memorandum admitted contained two hearsay statements that were testimonial in nature and not subject to cross-examination. The memorandum was Blocker's letter to Major Bates about the events in question. Blocker wrote that Hewitt stated she wanted to file a formal complaint for Chavis's conduct and that the dispatcher broadcasted that Chavis was attempting to stop a car. Chavis asserts that this statement from the dispatcher is the only piece of evidence considered by the Commission that states he attempted to pull over Hewitt. The JCSO argues that even if the memorandum

7

was hearsay Chavis "opened the door" for the testimony to come in when his counsel asked Blocker what the dispatcher said. We find that because Blocker wrote this memorandum immediately after the event along with his consistent testimony, the statement bares a satisfactory indicia of reliability.

¶17. During the hearing, Chavis made a motion for a directed verdict[1] at the close of JCSO's presentation of evidence. After both sides made their arguments, the Commission reserved ruling on Chavis's motion and Chavis proceeded to put on evidence. Chavis states that this denial was error. The Mississippi Supreme Court explained the standard of review of the denial of a motion for directed verdict as follows:

> The standard of review in judging the sufficiency of the evidence on motion for directed verdict requires that we accept as true all evidence favorable to the State, together with reasonable inferences arising therefrom, to disregard the evidence favorable to the defendant, and if such evidence would support a verdict of guilty beyond a reasonable doubt, the trial court's denial of the motion must be affirmed.

*Turner v. State*, 721 So. 2d 642, 647 (¶18) (Miss. 1998) (internal quotation marks omitted). We do not find that it was error for the Commission to deny Chavis's request to dismiss.

¶18. Chavis also claims that he was denied proper due process under Mississippi Code Annotated section 21-31-23; however we disagree. Chavis was afforded the opportunity to appeal his termination to the Commission for a full hearing, which he exercised and received. At the hearing, Chavis put on evidence and was able to rebut the charges against him. Accordingly, we find this issue without merit.

---

[1] According to the transcript, Chavis actually asks the Commission to "dismiss" his termination.

8

¶19. Overall, we find that there was substantial evidence for the Commission to find that the JCSO terminated Chavis for cause in good faith.

II. *Whether the circuit court erred in affirming the Commission's decision.*

¶20. Four of the ten issues asserted by Chavis deal with the circuit court affirming the Commission's decision. This Court has held that "the circuit court is prohibited from making credibility determinations of the evidence or testimony that was presented to the civil service commission." *City of Laurel*, 919 So. 2d at 221 (¶15). "Instead, the circuit court is charged with determining whether the commission acted in good faith in finding that the city did . . . have cause to discharge." *Id.*

¶21. First, Chavis argues that the circuit court erred in finding that Chavis "intend[ed] for this pursuit to result in the arrest of the driver for a minor traffic offense" because it was not a fact found by the Commission nor is it supported by substantial evidence. However, the facts even told by Chavis directly contradict this. Chavis stated that he followed and obtained a description of Hewitt for the very purpose of her coming into contact with some member of JCSO. Whether that was himself or another officer, we find there was substantial evidence that Chavis pursued Hewitt with the intent of her being stopped by law enforcement based on her traffic offenses. We find this issue without merit.

¶22. Second, Chavis asserts that the circuit court erred in finding that "the Appellee's Civil Service Commission had . . . substantial evidence before it to support its affirmance of the Jackson County Sheriff's Department's decision to terminate Appellant for violating Section 4.24 of the Jackson County Sheriff's Policies and Procedures." As stated, the Commission

9

had substantial evidence to uphold that JCSO's decision was made in good faith; therefore we find the circuit court did also in reviewing the Commission's decision.

¶23.    Third, Chavis maintains that the circuit court erred in finding that the Jackson County Sheriff's Department's failure to provide Chavis with a pre-termination hearing did not violate his statutory and constitutional rights. Mississippi Code Annotated section 21-31-23 in relevant part states:

> Where there are extraordinary circumstances or situations which require the immediate discharge or removal of an employee, such employee may be terminated without a pretermination hearing as required by this section, but such employee shall be given written notice of the specific reasons for termination within twenty-four (24) hours after the termination, and shall be given an opportunity for a hearing similar to the pretermination hearing provided in this section within twenty (20) days after the date of termination.

¶24.    Here, Chavis was terminated without a pretermination hearing, but he was given a written notice of the specific reasons for his termination within twenty-four hours and was given instructions on how to receive a post-termination hearing, which he exercised. Accordingly, we find this issue without merit.

¶25.    Last, Chavis states that the circuit court erred in affirming the decision of the Commission after finding that "Appellant did not make the physical arrest." As stated previously "an arrest begins when an officer begins his pursuit for the purpose of making an arrest." *Smith*, 128 So. 2d at 859. Chavis pursued Hewitt for the sole purpose of her coming into contact with an JCSO officer. Therefore, we do not find that it was error for the circuit court to state that Chavis did not make a physical arrest, even if the Commission did not use that exact language.

10

*III.     Whether Chavis is entitled to back pay.*

¶26.    In Chavis's remaining error, he maintains that because he was wrongfully terminated he is entitled to back pay.  We disagree.  Because we find that neither the Commission nor the circuit court erred in affirming Chavis's termination, he is not entitled to back pay.

## CONCLUSION

¶27.    In reviewing the record and applicable case law, we find that neither the Commission nor the Jackson County Circuit Court erred in affirming Chavis's termination by JCSO.

¶28.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.  GREENLEE, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**