# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00206-COA

**PERVIS L. EVERETT A/K/A PERVIS EVERETT**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI AND MISSISSIPPI**                    **APPELLEES**
**DEPARTMENT OF CORRECTIONS**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/30/2024 |
| TRIAL JUDGE: | HON. ROBERT KEITH MILLER |
| COURT FROM WHICH APPEALED: | GREENE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PERVIS L. EVERETT (PRO SE) |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KRISTI DUNCAN KENNEDY |
| | WILLIAM R. COLLINS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 01/07/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., LAWRENCE AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.    Pervis L. Everett filed a "Petition for Judicial Review" in the Circuit Court of Greene County, Mississippi. In this petition, Everett asked the court to reverse the Mississippi Department of Corrections' (MDOC) Administrative Remedy Program (ARP) decision concerning the calculation of his earned-discharge credits (EDC). The circuit court entered an "Order Dismissing Petition and Affirming Decision." Everett appeals from the circuit court's decision.

## FACTS AND PROCEDURAL HISTORY

¶2.    Everett is serving multiple sentences in MDOC's custody for felony drug convictions

in the Circuit Court of Wayne County, Mississippi. Sometime in May 2020, Everett filed a request for Administrative remedy with the ARP at the South Mississippi Correctional Institution seeking to have his earned-time credits recalculated.[1] His request was reviewed, and in the ARP "Second Step Response Form," MDOC found:

> Mr. Everett, you have to be in full compliance in order to receive EDCs. Full compliance means no new felony charges, reporting every month, paying monthly supervision fees and paying court fees. No EDCs can be applied because you are not in full compliance.

That decision was dated April 9, 2021. Everett acknowledged receipt of the decision on June 5, 2021.

¶3. Everett filed his Petition for Judicial Review in the Circuit Court of Greene County, Mississippi, on January 18, 2024. On January 30, 2024, the circuit court entered its order denying the petition as being untimely filed and without merit. Everett appealed.

## ANALYSIS

¶4. An appeal from a decision made by MDOC through its ARP is governed by Mississippi Code Annotated section 47-5-807 (Rev. 2023), which reads as follows:

> Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision.

In *Herring v. Mississippi Department of Corrections*, 367 So. 3d 211, 213 (¶5) (Miss. Ct. App. 2020), this Court stated:

> State law provides that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure . . . may,

---

[1] *See* Miss. Code Ann. § 47-7-40 (Rev. 2023).

within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. § 47-5-807 (Rev. 2015). **"Filing within the statutorily-mandated time is jurisdictional."** *Stanley v. Turner*, 846 So. 2d 279, 282 (¶11) (Miss. Ct. App. 2003). The failure to timely seek judicial review of an administrative remedy program decision will result in dismissal. *Id*.

(Emphasis added).

¶5.     The record shows that Everett received notice that he had exhausted his administrative remedies on June 5, 2021. He was advised, in writing, that he had thirty days from that date to seek judicial review. Everett did not file his petition until January 18, 2024. Based upon the above authorities, we find that the circuit court did not err by dismissing his petition as time-barred.

¶6.     **AFFIRMED.**

        **BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND WEDDLE, JJ., CONCUR. ST. PÉ, J., NOT PARTICIPATING.**